VALETTE *v.* MASON and Another.

VALETTE
v.
MASON.

The holder of commercial paper, assigned as collateral security, is a holder for a valuable consideration, but, in a suit on such paper, he can recover no more than the debt actually due him, if any part of it has been previously paid, or there is no consideration as between the original parties.

*Friday,
January 26,
1849.*

ERROR to the *Dearborn* Circuit Court.

SMITH, J.—This was an action of assumpsit brought by an assignee against the makers of a promissory note, governed by the law merchant. The defendants pleaded, *inter alia*, that the note was assigned to the plaintiff only as collateral security for certain moneys lent and advanced by him to the payees; that said payees had, on a certain day before the commencement of this suit, fully repaid the plaintiff the moneys so lent and advanced, and that the defendants on said day paid the payees without notice of the indorsement. To this plea there is a replication admitting that the note was indorsed to the plaintiff as collateral security for money lent to the payees, but denying that the money so lent had been repaid as alleged in the plea.

A bill of exceptions discloses the evidence, which we think authorized a finding for the defendant on the issue thus made, and the only question that can be entertained is, whether the facts alleged in the plea, where found to be true, constituted a sufficient legal bar to the plaintiff's cause of action. There can be no doubt that, according to the authorities, the holder of commercial paper, assigned as collateral security, is entitled to be regarded as a holder for a valuable consideration, and is not bound by equities existing between the payees and the makers which would interfere with the collection of his debt; but in a suit on such paper he is not entitled to recover more than the debt actually due to him, if any part of it has been previously paid, or there is no good consideration as between the original parties. *Williams* v. *Smith*, 2 Hill. 301. If the plaintiff should recover in this case, and the facts alleged in the plea are true, he would hold the pro-

ceeds of the note in trust for the benefit of the payees who have already received payment. The judgment is therefore right.

Per Curiam.—The judgment is affirmed with costs.

D. Macey, for the plaintiff.

J. Ryman and A. G. Porter, for the defendants.