Nov. Term,
1854.

WORK
v.
BRAYTON.

WORK *v.* BRAYTON and Others.

A mortgage of real estate given to secure a precedent debt, is founded upon a valuable consideration.

*A.* being the equitable owner and in possession of real estate, sold it upon credit, and procured it to be conveyed by *B.*, the legal owner, to *C.*, the purchaser. *A.* remained in possession, but without any contract allowing him to do so. The deed from *B.* acknowledged the receipt of the purchase-money. *C.* afterwards, and before the payment of any of the purchase-money, mortgaged it to *D.*, a creditor, to secure a precedent debt, the latter having no actual notice that *C.* had not paid the purchase-money. *C.*, when the mortgage was executed, exhibited the deed of *B.* to show the title.

*Held,* that *A.'s* possession and title, after the execution of the deed by *B.*, were those merely of a tenant at sufferance.

*Held,* also, that *A.'s* lien for unpaid purchase-money (on the assumption that such lien existed) constituted no title, legal or equitable, and that his lien was as complete, after the execution of the deed by *B.*, without as with his occupancy of the land.

*Held,* also, that *A.* having procured *B.* to convey the land, could be in no better posture than if he had conveyed it himself.

*Held,* also, that where the deed of a grantor, acknowledging the receipt of the purchase-money, has been put upon record, he is estopped from relying on a continuance in possession as notice of a lien for unpaid purchase-money.

*Held,* also, that the equity of *D.* was strengthened by the circumstance that, when the mortgage was executed he exhibited the deed of *B.* to show the title.

*Friday,*
*December 1.*

ERROR to the *Fountain* Circuit Court.

PERKINS, J.—Bill by *John C. Work* against *Benjamin C.* and *George Brayton,* to foreclose a mortgage. These defendants answered, and thereupon one *Charles S. Moore* appeared and petitioned the Court to be made a defendant, with the *Braytons,* to the bill, asserting that he held claims which were a lien, paramount to the mortgage sought to be foreclosed, upon the land covered by the mortgage. The Court granted his petition, and, upon the final hearing of the cause, found that his lien had precedence, and decreed that it should be first discharged out of the proceeds of the sale of the mortgaged property.

The facts of the case, as collected from the record, are as follows:

Said *Charles S. Moore* held the title-bond of one *Kelly,* which called for a deed to the premises in question on

payment of the purchase-money. The purchase-money was paid, but no deed was received. Subsequently, on the 6th day of *January*, 1847, *Moore* sold said premises to *Benjamin C. Brayton* for 1,200 dollars, took his notes for that sum, and directed *Kelly* to convey to him the premises. *Kelly* accordingly made a warranty deed to *Brayton*, *Moore* at the time surrendering to the former his bond to be canceled. On the 20th of *January*, 1847, said *Benjamin C. Brayton* mortgaged the premises to *John C. Work*, to secure a precedent debt owed by himself and *George Brayton*.

The deed from *Kelly* to *Brayton* acknowledged the receipt of the purchase-money.

*Moore* had taken possession under his bond, and continued to occupy the premises till after the execution of the mortgage by *Brayton* to *Work*. *Work* was a resident of *New-York* city, and the mortgage in question was taken in his absence from this state, by Mr. *Baird*, his attorney, to whom the claim secured by it had been intrusted for collection.

The first inquiry raised is, whether *Work* is to be regarded as a purchaser for a valuable consideration.

The question whether a mortgagee, in a mortgage given for the security of a pre-existing debt, is to be regarded as a purchaser for a valuable consideration, has been decided differently by different Courts; and there has been a like diversity of opinion upon the analogous question, whether the holder of commercial paper assigned as collateral security for a pre-existing debt, is to be treated as a holder for a valuable consideration. The latter of these questions this Court decided in the affirmative in *Valette* v. *Mason*, 1 Ind. R. 288; and it would seem that the principle of that case, applied to a mortgagee of real estate, to secure a like indebtedness, would require that he be regarded as a purchaser for a valuable consideration. We shall not go into a classification of the cases upon the point. We think, on principle, and as matter of public policy, a precedent debt should be regarded as a valuable consideration for the conveyance of real estate. If it is not to be so regarded, the titles of purchasers and mortgagees, for such a consideration, must be

of comparatively little value, as they may, at any time, be unexpectedly overrode by secret invisible liens for unpaid purchase-money to some former grantors, or by some other, till then unknown, alleged equitable claims, which might, in their origin, have been without trouble made secure by open, recorded instruments that would have been notice to all the world. Yet real estate, in this country, is almost as as much an article of trade as is any species of personal property. It is taken by the government as security for its loans; by corporations in payment of stock subscriptions, and as security for debts; and by individuals in a multiplicity of transactions; and being subject to sale on execution, it constitutes a great basis of credit generally. Hence, it is of the utmost importance that such legal principles may prevail as shall give confidence in, and solidity to, land titles. There is no hardship in requiring those who intend to hold incumbrances upon real estate to make them open and visible; and where they do not, they surely become accessory to frauds, trap-setters for honest men, and not entitled to any extraordinarily favorable consideration by Courts.

A pre-existing debt is held to be a valuable consideration by *Story*, in the second volume of his Equity Jurisprudence, pp. 657, 658, and he cites for the doctrine *Mitford* v. *Mitford*, 9 Ves. 100, and *Bayley* v. *Greenleaf*, 7 Wheaton 46. In vol. 2, pt. 1, p. 73, of *White* and *Tudor's* Leading Cases in Equity, they say, "similar decisions were made in *Richson* v. *Richson*, 2 Gratton 497, and in *Day* v. *Dunham*, 2 Johnson's Chancery R. 112;" though this latter case has not been followed in *New-York*. *Kent*, in the 4th vol. of his Commentaries, p. 154, approves the doctrine, and expresses the conviction that it rests on grounds that will command general assent. He cites in support of it, *Roberts* v. *Salisbury*, 3 Gill and J. 425, and *Gann* v. *Chester*, 5 Yerger's Tenn. R. 205. We have verified a part of the cases above referred to; to some of them we have not access.

The remaining question in the cause is, was *Work* a mortgagee with notice of *Moore's* lien for unpaid purchase-

money?  We say lien, because we shall admit, for the purposes of this case, that one existed, though there is not a uniformity of opinion on the part of the Court touching the point.  *Work* had not actual notice.  Had he constructive?  *Moore* was in possession of the premises mortgaged by *Brayton* to *Work*, and the question is, was that possession notice to the latter of a lien, on the part of the occupant, for unpaid purchase-money?

It is laid down in all the books treating upon the subject, that possession is notice of the title, whatever it may be, of the possessor.  What, then, was *Moore's* title?  Upon what was his possession based?  He had been the equitable owner of real estate, and in possession of it.  He had sold, and procured it to be conveyed to another, but still remained in possession, without any contract, so far as appears, authorizing him to do so.  He was, then, a mere tenant at sufferance, with the title of such a tenant and no other.  3 Sandf. (*New-York*) Ch. Rep. 176.  His lien for unpaid purchase-money constituted no title, legal or equitable; gave him no right to possession; and his occupancy, in fact, was in no way connected with that lien.  It existed as completely without possession as with it.  If possession, therefore, can be regarded at all as notice of a lien for purchase-money, it is notice of more than title or claim of title.  But without pursuing this particular idea, we think it will be conceded that *Moore* can be regarded as standing in no better situation, touching this lien, than *Kelly* would have stood in, had he remained in possession after conveying to *Brayton* without receiving his purchase-money; in other words, that *Moore*, having sold and procured *Kelly* to convey, can be in no better attitude than though he had conveyed himself.  Regarding *Moore*, then, as the grantor in the case, we can easily dispose of it; for the authorities seem sufficiently conclusive upon this position, viz., that where the deed of the grantor has been put upon record, acknowledging the receipt of the purchase-money, he will be estopped from relying on his continuance in possession as notice of a lien for purchase-money, as subsequent purchasers are not bound to go

beyond the recorded declarations of the parties and inquire into their actual relations. *Scott* v. *Gallagher*, 14 Serg. and Rawle 389.—*Woods* v. *Farmere*, 7 Watts 382.—*Newhall* v. *Pierce*, 5 Pick. 495. The case before us is stronger still, as here the deed itself from *Kelly* to *Brayton* was exhibited to the attorney of *Work*, when he took the mortgage, to show the title. 3 Sugden on Vendors 470.—*White* v. *Wakefield*, 7 Simons 401.—4 Kent (6th ed.) 179, and note c.

We think the Court below erred in postponing the mortgage to *Moore's* lien, and that, hence, the decree of that Court must be reversed.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

      *E. H. Brackett* and *G. S. Orth*, for the plaintiff.
      *R. C. Gregory* and *R. Jones*, for the defendant.