## JEAN H. C. SISTERMANS *vs.* HORATIO FIELD.

Whether describing the plaintiff in a writ by no other Christian name than " H." is bad on demurrer — *quaere.*

A declaration, which alleges that the defendant made a promissory note to his own order, and indorsed it in blank, and owes the plaintiff the amount of it and interest, is bad on demurrer, for want of any statement of the plaintiff's title.

Upon proof that a promissory note is founded in illegality, or was obtained or put in circulation fraudulently, an indorsee, before he can recover upon it, must show that he gave value for it.

ACTION OF CONTRACT. The plaintiff was originally described in the writ as " H. Sistermans." The declaration was that " the defendant made three several promissory notes payable to his own order, which the defendant indorsed in blank, a copy of which notes with the indorsements thereon is hereto annexed; and the defendant owes the plaintiff the amount of said notes and interest thereon." Annexed were copies of three notes corresponding with the description.

The defendant demurred to the writ and declaration, for the following causes: " First. Because the plaintiff is not properly and sufficiently described in said writ and declaration. Second. Because the plaintiff does not aver that he is the holder or indorsee, or in any way interested in the notes described in said declaration."

*E. H. Bennett,* for the defendant. The practice act makes it the duty of the court so to construe the pleadings " as to secure, as far as possible, substantial precision and certainty, and to discourage vagueness and loose generalities." *St.* 1852, *a* 312, § 26.

1. The declaration is defective in not giving the plaintiff's Christian name, or, at least, stating that he has no other name than the initial given. 1 Chit. Pl. (10th Amer. ed.) 256 & note. Steph. Pl. (1st Amer. ed.) 319. *Wilson* v. *Shannon*, 1 Eng. 196. And this may be taken advantage of by demurrer. *Kinnersley* v. *Knott*, 7 C. B. 980. *Miller* v. *Hay*, 3 Exch. 14. *Levy* v. *Webb*, 9 Ad. & El. N. R. 427.

2. The declaration does not aver that the plaintiff is the holder of the notes in suit, or that he is any way interested therein. The general averment at the end of the declaration is of a mere inference of law, and does not cure the defect. *Millard* v. *Baldwin*, 3 Gray, 484.

*J. Brown*, for the plaintiff. 1. A defective description of the plaintiff is no cause of demurrer. It is a question of fact, not of law. That " H. Sistermans " does describe the plaintiff is a fact to be established by evidence, if the pleadings properly put it in issue. Suppose his first name were "Aitch," " H." would be *idem sonans*.

2. " Only the substantive facts necessary to constitute the cause of action need be stated, without unnecessary verbiage, and with substantial certainty." *St.* 1852, *c.* 312, § 2, *cl.* 3. A cause of action against the defendant is stated with substantial certainty by the declaration and copy of the notes. The averment that " the defendant owes the plaintiff the amount of said note and interest thereon " necessarily includes an averment that the plaintiff is the holder of the notes, for without that the defendant would not owe him.

Upon this declaration and demurrer " the person and case may be rightly understood by the court," and the declaration may be amended, if necessary. Rev. Sts. *c.* 100, §§ 21, 22.

SHAW, C. J. The court are all of opinion that the declaration is bad. It is necessary, even under the practice act, to set forth all the facts necessary to constitute the cause of action. This declaration would as well show a cause of action in another as in the plaintiff. He does not aver any transfer or indorsement to, or title or possession in himself. And this form is not authorized by the forms annexed to the practice act. If

Sistermans *v.* Field.

this case was to come on for trial, the plaintiff would be obliged to produce the note, and, when produced, it would be *prima facie* evidence. But before he comes to that, he must amend his declaration.

We have not thought it necessary to decide whether the want of a full name is a cause of demurrer; for if the plaintiff moves to amend, he may amend in both respects. If it were necessary to decide this point, the English cases would need more careful consideration; for in some respects the English practice differs from ours. Even the legislature, we believe, in changing the names of persons, has given names with only a letter of a middle name. But this is not of much practical importance, and we intimate no opinion upon it.

*Declaration adjudged bad; but amendment allowed.*

The plaintiff then amended his writ by inserting his full name; and his declaration, by counting on the notes separately, each of which was dated September 4th 1855, and averring in the count on each note that he was the holder thereof.

The defendant, in his answer, " denies that he ever made any of the notes set out in the declaration, and indorsed the same to the plaintiff as alleged. But the defendant admits that he gave three notes, of the same tenor and date as those set forth in the declaration, to the firm of Fletcher & Davis, in payment for spirituous and intoxicating liquors sold by them to the defendant, contrary to law; but whether the plaintiff is the holder of said notes, or how he came by them, if he is the holder, and what consideration, if any, he paid for them, the defendant declares his ignorance, and leaves the plaintiff to prove the same. But the defendant says he is informed, and believes, that if the plaintiff is the holder of said notes, he took them after they were due, and with notice of the illegal consideration for which they were given, either express or implied by law."

A trial was had at April term 1858 before *Metcalf*, J., who made the following report thereof for the decision of the full court, before whom the arguments were made thereon at October term 1858.

" The signatures of the defendant, on the face and back of the notes, were not denied by him, and the notes were read in evidence, and the plaintiff rested his case.

" The defendant testified that he did not know the plaintiff, and never had any business with him ; that he gave the notes to the firm of Fletcher & Davis, of Boston, liquor dealers, in payment for domestic and other liquors sold by them to him, to be retailed by him in Taunton, where he had been in the liquor business about twenty years ; that when he bought these liquors he had no authority to sell them, and never had such authority since ; that said Fletcher & Davis had been in the liquor business, in Boston, about three years, and that the liquors were by them sold to him there and in Taunton, a few months before the date of the notes.   No evidence was offered by the plaintiff to control this testimony of the defendant.

" The defendant's counsel asked the court to rule ' that if the illegality of the consideration of the notes was admitted or proved, it was incumbent on the plaintiff to give some evidence how he came by the notes, and that he paid a consideration for them.'   But the court declined so to do.

" The defendant's counsel also asked the court to rule ' that the plaintiff could not recover, upon the testimony of the defendant, if believed, on the declaration in the case.'   But the judge declined so to do.

" The court instructed the jury that the possession of the notes by the plaintiff was sufficient evidence of his right to maintain this action, if not controlled by rebutting evidence ; that unless the defendant gave evidence that the plaintiff received the notes after they fell due, or had notice, when he received them, of the illegality of the consideration for which they were given, he was entitled to a verdict.   The jury returned a verdict for the plaintiff."

*Bennett*, for the defendant.   The notes in suit were given in payment for liquors sold to the defendant by Fletcher & Davis, the original holders, contrary to *St.* 1855, *c.* 215.   They were therefore entirely null and void in their hands,   *Perkins* v. *Cummings*, 2 Gray, 258.

Being void and worthless in the hands of the original holders, it is presumed they will pass them into other hands for the mere purpose of collection, and without the payment of a considera· tion therefor. Parke, B. in *Bailey* v. *Bidwell*, 13 M. & W. 76. It was therefore " incumbent on the plaintiff to give some evidence that he paid a consideration for the notes," which the court declined to rule.

This burden has been held to rest on the plaintiff whenever the maker of the note proves, (1.) That the note has been lost or stolen from him. *Miller* v. *Race*, 1 Bur. 452. *Grant* v. *Vaughan*, 3 Bur. 1526. *Peacock* v. *Rhodes*, 2 Doug. 633. (2.) That it was obtained from him by fraud or duress. *Duncan* v. *Scott*, 1 Campb. 100. *Rees* v. *Headfort*, 2 Campb. 574. (3.) That it was wrongfully put in circulation by the payee, or original holder. *Smith* v. *Braine*, 16 Ad. & El. N. R. 244. *Harvey* v. *Towers*, 6 Exch. 656. *Catlin* v. *Hansen*, 1 Duer, 309. *Aldrich* v. *Warren*, 16 Maine, 465. *Perrin* v. *Noyes*, 39 Maine, 384. *Munroe* v. *Cooper*, 5 Pick. 412. *Bissell* v. *Morgan*, 11 Cush. 198. *Fabens* v. *Tirrell*, Suffolk, March 1852, 15 Law Reporter, 44. (4.) When it is proved or admitted that the note was given for an illegal consideration. *Paton* v. *Coit*, 5 Mich. 505. *Bailey* v. *Bidwell*, 13 M. & W. 73. *Fitch* v. *Jones*, 5 El. & Bl. 238. *Bingham* v. *Stanley*, 2 Ad. & El. N. R. 117. *Gwyn* v. *Lee*, 1 Maryland Ch. 445. Story on Notes, § 196. Byles on Bills, 188, 190. Edwards on Bills, 686, 687.

The reason is, that the holder can recover only what he has in fact paid — no more and no less — this makes him whole, and relieves the defendant from paying an illegal demand. *Al laire* v. *Hartshorne*, 1 Zab. 665. *Williams* v. *Smith*, 2 Hill N. Y. 301. *Edwards* v. *Jones*, 7 Car. & P. 633. *Holeman* v. *Hobson*, 8 Humph. 127. *Valette* v. *Mason*, 1 Ind. 288. *Jones* v. *Hibbert*, 2 Stark. R. 304. This divisibility of a promissory note, allowing the plaintiff to recover only such portion thereof as he proves himself justly entitled to, is a well settled rule in Massachusetts. *Stoddard* v. *Kimball*, 6 Cush. 469. *Bond* v. *Fitzpatrick*, 4 Gray, 89. *Chicopee Bank* v. *Chapin*, 8 Met. 40. This rule ought to apply to notes given in violation of law, as were the notes now in suit.

The plaintiff could not recover, under his present declaration, if the testimony of the defendant was true, which was not rebutted by the plaintiff. The declaration averred an indorsement by the defendant to himself. This the defendant negatived. The indorsement was in blank, and had the note been payable to a third person, his blank indorsement would of course have been sufficient, as the plaintiff might have filled it up to himself at the trial.

But these notes were all payable to the maker's own order; they had no validity therefore until indorsed by the maker and payee; and to constitute an indorsement by the defendant to the plaintiff, as alleged, a delivery by him to the plaintiff was essential; but this fact was wanting. The plaintiff did not therefore prove an essential allegation in his declaration, viz. an indorsement by the defendant directly to himself. *Hooper* v. *Williams*, 2 Exch. 21. *Brown* v. *De Winton*, 6 C. B. 336.

*Brown*, for the plaintiff. No defect or infirmity of consideration, either in the creation, or in the transfer of a negotiable security, can be set up against a mere stranger to the transaction, such as a *bona fide* holder of the bill or note, who received it for a valuable consideration at or before it became due, and without notice of any infirmity therein. 2 Greenl. Ev. § 171. *Cazet* v. *Field, ante,* 329.

The holder of a negotiable paper indorsed in blank, is presumed to be the holder for consideration. With this presumption the burden of proof is on the defendant not only to show illegality of consideration, but also some facts or circumstances such as would have put the plaintiff on his guard. 1 Parsons on Con. 206. 2 Greenl. Ev. § 172. A blank indorsement is sufficient, *prima facie*, to convey a title to the actual holder, and has the same effect as an indorsement by the payee of a note payable to him or order. 2 Greenl. Ev. § 168. 1 Parsons on Contracts, 205, 206, 209 & notes.

METCALF, J. The court are all of opinion that the first ruling, which the defendant's counsel asked for, ought to have been made, and that the instructions given to the jury were wrong. The following authorities (and many others) support the posi-

tion, that upon proof that a promissory note is founded in illegality, or was obtained or put in circulation fraudulently, an indorsee, before he can recover in a suit upon it, must show that he gave value for it; and that it is not first incumbent on the defendant to show the contrary. *Bailey* v. *Bidwell,* 13 M. & W. 76. *Smith* v. *Braine,* 16 Ad. & El. N. R. 244. *Berry* v. *Alderman,* 14 C. B. 95. *Harvey* v. *Towers,* 6 Exch. 660. *Fitch* v. *Jones,* 5 El. & Bl. 238. *Catlin* v. *Hansen,* 1 Duer, 323. *Perrin* v. *Noyes,* 39 Maine, 384. *Paton* v. *Coit,* 5 Mich. 505. *Gwyn* v. *Lee,* 1 Maryland Ch. 445. *Munroe* v. *Cooper,* 5 Pick. 412. In the first of the foregoing cases, Baron Parke said : " If the note were proved to have been obtained by fraud, or affected by illegality, that afforded a presumption that the person who had been guilty of the illegality would dispose of it, and would place it in the hands of another person to sue upon it; and such proof casts upon the plaintiff the burden of showing that he was a *bona fide* indorsee for value." *New trial granted.*