THE BOATMAN'S SAVING INSTITUTION, Respondent, *v.* LEONARD B. HOLLAND, Appellant.

1. *Note—Endorsee—Title.*—A pre-existing debt or an antecedent liability incurred by an endorsee of a negotiable promissory note assigned before maturity, is a sufficient consideration to support the title of such endorsee.
2. *Evidence—Admissions—Pleadings.*—The admissions in pleadings by failing to specifically deny statements in the petition or answer, are admissions only for the particular case, and cannot be used as independent evidence in a different action.

*Appeal from St. Louis Court of Common Pleas.*

*Peacock* and *Cornwell,* for appellant, cited Bay v. Coddington, 20 John. 637 ; Goodman v. Simonds, 19 Mo. 106 ; Bristol v. Sprague et al., 8 Wend. 421.

*Cline & Jamison,* for respondent, cited 2 Greenl. Ev. § 136 ; Lloyd v. Jewell, 1 Greenl. 132 ; Howard v. Wilson, 2 Greenl.

390 ; Knapp v. Lee, 3 Pick. 452 ; Vibbard v. Johnson, 19 Johns. 77 ; Whitney v. Lewis, 21 Wend. 131, 134 ; Greenleaf v. Cook, 2 Wheat. 13 ; Fulton v. Griswold, 7 Martin, 223 ; Grant v. Kidwell, 30 Mo. 455.

WAGNER, Judge, delivered the opinion of the court.

This was an action on a negotiable promissory note made by the appellant, and payable to the order of one David Anderson, and endorsed by Anderson, and Watson & Anderson, before maturity, to respondent.

The answer stated that the note was given to the original payee, in consideration of an exchange of real estate, and that the title to some of the real estate had failed ; and also set up as a defence, that the note was endorsed to respondent by Anderson, as collateral, to secure the payment of a pre-existing indebtedness.

On the trial, the appellant offered in evidence the record of a suit pending in the St. Louis Land Court, wherein he was plaintiff, and Anderson, respondent, and others were defendants, which suit was brought to rescind and cancel the contract relating to the exchange of lands between Holland and Anderson. This evidence was rejected by the court, and judgment given in favor of the respondent for the amount of the note and interest. In the suit of Holland v. Anderson et al., it was charged in plaintiff's petition, that the notes (this being one of them) were assigned to respondent, as collaterals, to secure the payment of a debt, and this averment was not specifically denied in the answer ; and the only object stated for the introduction of the records of the Land Court, was to show the respondent's supposed admission of that fact by its answer.

The court decided correctly in refusing to admit the evidence. It was wholly irrelevant, and had it been introduced it would not have constituted the shadow of a defence. A pre-existing debt, or an antecedent liability, incurred by an endorsee of a negotiable promissory note assigned before maturity, is a sufficient consideration to support the title of such

endorsee—Sto. Bills, § 183; Townsley v. Sumrall, 2 Peters, 170; Swift v. Tyson, 16 Peters, 11; Grant v. Kidwell, 30 Mo. 455.

By the Practice Act, " every material allegation in the petition not specifically controverted in the answer, and every material allegation in the answer of new matter constituting a counter-claim, not specifically controverted in the reply, shall, for the purposes of the action, be taken as true—2 R. C. 1855, p. 1238, § 48.

This is declarative of a rule of evidence in respect to the pleadings in the action in which the answer is filed, and dispenses with further proof in that action, and that only. But it was never intended that the mere silence of a party in answering should be tortured into an admission, to be used as independent evidence against him in a separate and different action.

There being no other objections raised, the judgment will be affirmed. The other judges concur.