No. 8343.

## STRAUGHAN v. FAIRCHILD.

PROMISSORY NOTE.—*Purchaser for Value.*—*Collateral Security for Pre-existing Debt.*—The endorsee of commercial paper, who receives it as collateral security for a pre-existing debt, is a purchaser for value.

SAME.—*Pleading.*—*Foreign Law.*—*Exhibits.*—A complaint upon a promissory note shows a cause of action, notwithstanding a statute of another State, which is pleaded for the purpose of giving the note a mercantile character, be not well pleaded.

PRACTICE.—*Pleading.*—*Exhibit.*—The reference to an exhibit, which is filed with a pleading, need·only be such as to identify it.

From the Allen Superior Court.

*A. Zollars*, for appellant.

*W. H. Withers* and *W. P. Breen*, for appellee.

WOODS, J.—Complaint by the appellee against the appellant upon a promissory note, alleged to have been made in Ohio and endorsed by the payee to the appellee before maturity and for value. The law of Ohio is also pleaded, under which the note was negotiable as an inland bill by the law merchant.

The appellant answered by pleas of partial and entire want of consideration, and alleging that the note was assigned to the appellee as collateral security for a pre-existing debt of the payee to the appellee. Upon demurrer for want of facts, these answers were held insufficient.

The important question in the case is whether the endorsement of negotiable paper as collateral security for antecedent debt clothes the endorsee with the rights of a good-faith purchaser.

Insisting upon the negative, the counsel for the appellant cites *Roxborough* v. *Messick*, 6 Ohio St. 448, and cases from Maine, New Hampshire, New York, Pennsylvania, North Carolina, Tennessee and Mississippi, and suggests that the doctrine of these cases has been fully endorsed by this court in *Busenbarke* v. *Ramey*, 53 Ind. 499.

The question in the last named case was whether a mistaken description of mortgaged land could be corrected as against a second mortgagee who received his security in ignorance of the first mortgage; and, it appearing that the second mortgage was executed upon no new consideration and only to secure an antecedent debt, it was held that the correction could be made.

Whatever force there may be in the analogy, it is plain that a decision upon the rights of successive grantees or mortgagees of real estate can not be regarded as controlling upon the rights of an assignee of commercial paper, which was designed to circulate, and to a large extent is treated in the commercial world, as a species of money.

The cases referred to in *Busenbarke* v. *Ramey* are not those cited by counsel, and upon the question now presented are no more in point than is that case.

The leading case in support of the view that the endorsee of such paper, who receives it only as a security for an existing debt, is not a good-faith purchaser, is *Bay* v. *Coddington*, 5 Johns. Ch. 54, the doctrine of which still prevails in New York and in some of the other States; but in the English courts, and by the Supreme Court of the United States, followed by the courts of last resort of many of the States, the contrary doctrine is distinctly declared and maintained; and it seems that Chancellor KENT, who delivered the opinion in *Bay* v. *Coddington*, afterwards expressed a preference for the rule declared by Justice STORY, in *Swift* v. *Tyson*, 16 Peters, 1. In that opinion and in the opinions of Justices HARLAN and CLIFFORD, in the case of *Railroad Co.* v. *National Bank*, 102 U. S. 14, and of Justice REDFIELD, in *Atkinson* v. *Brooks*, 26 Vt. 569, may be found full and satisfactory discussions; and, in accord with the English decisions, it is held that the assignment of commercial paper as security for an existing obligation is in the due course of business, and that the holder has the rights therein of a purchaser for value. To the same effect are the following cases: *Fisher* v. *Fisher*, 98 Mass.

303; *Roberts* v. *Hall*, 37 Conn. 205; *Bridgeport City Bank* v. *Welch*, 29 Conn. 475; *Bank of the Republic* v. *Carrington*, 5 R. I. 515; *Mix* v. *The National Bank*, etc., 91 Ill. 20; *Robinson* v. *Smith*, 14 Cal. 94; *Boatman's Savings Inst.* v. *Holland*, 38 Mo. 49; *Armour* v. *McMichael*, 36 N. J. L. 92; *Maitland* v. *Citizens' Nat'l Bank*, etc., 40 Md. 540; *The Bank*, etc., v. *Chambers*, 11 Rich. 657; *Gibson* v. *Conner*, 3 Ga. 47; *Giovanovich* v. *Citizens' Bank*, etc., 26 La. An. 15; *Greneaux* v. *Wheeler*, 6 Tex. 515. See, also, Bigelow Bills and Notes, 502 *et seq.*; 1 Dan. Neg. Inst., sections 820, 833; Redfield & Bigelow Lead. Cases, pp. 186-217; 1 Ames' Cases on Bills and Notes, 650 n.

The case of *Valette* v. *Mason*, 1 Ind. 288, seems also to be in point. It does not appear distinctly in the opinion in that case, that the paper was transferred to secure a pre-existing debt, but in *Work* v. *Brayton*, 5 Ind. 396, is found a statement concerning the case which may be accepted as an authoritative interpretation, and which shows that the debt was in fact a pre-existing one. It is there said: "The question whether a mortgagee, in a mortgage given for the security of a pre-existing debt, is to be regarded as a purchaser for a valuable consideration, has been decided differently by different courts; and there has been a like diversity of opinion upon the analogous question, whether the holder of commercial paper assigned as collateral security for a pre-existing debt, is to be treated as a holder for a valuable consideration. The latter of these questions this court decided in the affirmative in *Valette* v. *Mason*, 1 Ind. R. 288." See, also, *Rowe* v. *Haines*, 15 Ind. 445; *Babcock* v. *Jordan*, 24 Ind. 14; *McKnight* v. *Knisely*, 25 Ind. 336.

But if this court were not, as it seems to be, already committed to the doctrine held by the Supreme Court of the United States, we should be much inclined, if not constrained, to follow it.

On a subject of such general importance, and concerning which there can not properly be a local rule, and in which

the commercial world has a common interest, uniformity and certainty of decision are greatly to be desired; and since the highest tribunals in this country and in England are ruling in harmony upon the point, a State court can hardly be justified in adopting, if, indeed, in adhering to, a different rule.

It is assigned as error that the complaint does not state a cause of action; but the objections made to the pleading are unimportant and unsound. The exhibit referred to is sufficiently identified. *Carper* v. *Kitt,* 71 Ind. 24. And, in this respect, it is immaterial whether the statute of Ohio is well pleaded, as without that a good cause of action is stated upon the note, as a non-negotiable instrument.

Judgment affirmed, with costs.