NATIONAL EXCHANGE BANK *v.* BERRY ET AL.

[No. 2,684.   Filed November 30, 1898.]

BILLS AND NOTES.— *Notes Held as Collateral.— When Assignee a Holder for Value.*—One who takes the assignment of notes governed by the law merchant as collateral security is a holder for value. *p. 262.*

SAME.—*Negotiable Note Indorsed as Collateral.—When Indorsee Held to Be Good Faith Purchaser for Value.* — Where notes governed by the law merchant are, before maturity, presented to a bank as collateral security for a loan, and there is nothing in the form or face of the notes, or the circumstances attending their presentment, to arouse suspicion, and the bank takes the notes "relying upon the fact that they were payable in bank and on the solvency of the notes," the bank will be held to be a good faith purchaser for value. *pp. 262-264.*

APPEAL AND ERROR.—*Evidence.—How Brought in Record.— Act of 1897.*—Where a transcript was filed in this court after the act of March 8, 1897, relative to the manner of bringing the evidence into the record, became operative, the appeal will be governed by said act.   *p. 264.*

INTERROGATORIES TO JURY.—*Interrogatory Calling for Legal Conclusion Will Be Disregarded.*—Where, with a general verdict, the jury returned answers to certain interrogatories, an answer to an interrogatory calling for a legal conclusion will be disregarded. *pp. 264, 265.*

From the Madison Superior Court.   *Reversed.*

*Charles L. Henry, Byron McMahan* and *James A. Van Osdol,* for appellant.

*David W. Wood, W. S. Ellis* and *Kittinger, Reardon & Diven,* for appellees.

COMSTOCK, J.—Apellant, plaintiff below, instituted this suit to recover of appellees on five promissory notes executed by Henrietta M. Berry to her co-appellee, and by him indorsed before maturity to appellant as collateral security for two promissory notes executed by appellee McMillen to appellant for borrowed money.  Appellee Henrietta M. Berry answered in five paragraphs: (1) A general denial; the others pleading

fraud, want of consideration and set-off. Appellant replied (1) by general denial; (2) setting up a consideration on part of appellant, and alleging that appellant had no notice of any fraud, or want of consideration of the notes in question. Upon the issues thus formed a trial was had by jury, resulting in a verdict in favor of appellee Henrietta M. Berry. Appellant moved for a new trial upon the grounds (1) that the verdict was not sustained by the evidence; (2) that the verdict was contrary to law. This motion was overruled, and exceptions taken. Appellee McMillen joins in the appeal, and confesses error.

Appellant's counsel discuss but one specification in the assignment of errors (thus waiving the others), which is that the court erred in overruling appellant's motion for a new trial. The notes sued on were governed by the law merchant, and, with the exception of one assigned before maturity, as security for the indebtedness of McMillen due appellant. One who takes the assignment of notes governed by the law merchant as collateral security is a holder for value. *Valette* v. *Mason*, 1 Ind. 288; *Work* v. *Brayton*, 5 Ind. 396; *Straughan* v. *Fairchild*, 80 Ind. 598; *Farmers' Loan & Trust Co.* v. *Canada, etc., R. Co.*, 127 Ind. 268. If appellant took these notes for value, before maturity, without notice that Henrietta M. Berry had any defense to them, it took them freed from any defense which might have been made against them in the hands of McMillen.

Appellant asks a reversal of judgment upon the grounds that there is no evidence showing, or from which it could reasonably be inferred, that appellant had notice of appellee Berry's defense to the notes. We understand the law to be, as announced by the Supreme and Appellate Courts of this State with reference to the purchase of negotiable paper

before maturity, that if there is anything about the paper itself, or the circumstances attending its presentment for discount, calculated to excite suspicion in the mind of a reasonably cautious person, it is the duty of the purchaser to make inquiry as to its genuineness; otherwise not. *Tescher* v. *Merea*, 118 Ind. 586; *Citizens Bank* v. *Leonhart*, 126 Ind. 206; *Hankey* v. *Downey*, 3 Ind. App. 325, and authorities there cited. Under this view of the law let us examine the evidence.

Appellee, in her testimony, admitted the execution of the notes. The only witness who testified as to their negotiation was the cashier of the appellant bank, between whom and McMillen (appellee) the business resulting in the indorsement of the notes in question was transacted. The notes are set out in the evidence. There is nothing unusual in the form or on the face of them to arouse suspicion. The cashier testified that appellee McMillen was indebted to the bank for borrowed money; that the bank loaned him an additional $100, taking a new note for $470, covering the total indebtedness, and received the notes in suit as collateral; that he, the cashier, knew at the time the notes were indorsed to the bank that Berry, the maker of the notes, owned eighty acres of land, a few miles from town, on which there was an incumbrance of $1,300 or $1,400; that he believed it ought to bring $3,200; that, before the indorsement of the notes to the bank, McMillen informed him that the notes had been excuted to him for a valuable consideration for money advanced by him to appellee Berry; that he knew appellee Berry; that she lived a few miles from the bank, in the country; that he made no inquiry concerning the notes of her; that he took them "relying upon the fact that they were payable in bank," and "on the solvency of the notes." The foregoing facts are undisputed. In them we see

nothing to deprive appellant of the right of a good faith purchaser, for value, before maturity, of commercial paper. As to the merits of the controversy between appellees Berry and McMillen, we intimate no opinion. We do not understand *Cronkhite* v. *Nebeker*, 81 Ind. 319, 42 Am. Rep. 127, to be in conflict with the later decisions of the Supreme Court cited herein.

Counsel for appellee contend that the evidence is not properly in the record, and that, therefore, the questions presented by the assignment of errors cannot be considered by this court. They insist that the evidence is not in the record because it does not affirmatively appear that the stenographer's longhand manuscript of his shorthand notes was filed in the clerk's office before it was incorporated in the bill of exceptions. Whether it was or was not so filed, we need not decide. The transcript was filed in this court December 31, 1897, and is therefore to be tested by the act approved March 8, 1897. Acts of 1897, p. 244, section 650a, Horner's R. S. 1897; *Koontz* v. *Hammond, ante,* 76. Under that act, if it appears from the record that the original bill of exceptions embracing the evidence was presented within the time allowed to the judge, approved and signed by him, and duly filed, it is sufficient. The record shows that this was done.

With the general verdict, the jury returned answers to certain interrogatories. Among them was the following, numbered eight and answer thereto: "At the time of the indorsement of the notes in suit to the plaintiff, could the plaintiff have learned, by making proper inquiry of the defendant Henrietta M. Berry, that each and all of said notes so executed on the 26th day of February, 1896, were given to said John H. McMillen, plaintiff's indorser, without any consider-

ation whatever?    Answer, Yes." The question called
for a legal conclusion, and must therefore be disre-
garded.    The remaining interrogatories and answers
thereto were pertinent to the question of fraud and
want of consideration as between appellees, but do
not show notice to appellant.    Judgment reversed,
with instructions to the trial court to sustain appel-
lant's motion for a new trial.