Warren *v.* Syfers.

---

## WARREN *v.* SYFERS ET AL.

[No. 2,861.   Filed October 31, 1899.]

EVIDENCE.—*Weight.*—*Appeal and Error.*—A judgment will not be reversed on the weight of the evidence, where there is evidence fairly tending to support it. *p. 171.*

BILLS AND NOTES.—*Negotiable Instruments.*—*Bona Fide Purchaser.*—*Instructions.*—An instruction in an action on a promissory note that if the note is negotiable, and plaintiffs are the owners thereof, and took it before maturity, in the usual course of business, without

notice of any facts impeaching its validity between the original parties, then the plaintiffs hold same by a good title, free from all defenses that might have been made by defendant in the hands of the original owner, is not bad for failure to state that plaintiffs must appear to be *bona fide* purchasers acting in good faith. *pp. 171-173.*

BILLS AND NOTES.—*Negotiable Instruments.—Bona Fide Purchaser. —Instruction.*—An objection to an instruction in an action on a promissory note, by an indorsee, because it uses the expression " without knowledge of defenses" instead of without knowledge of the facts which constituted the defense, is not well taken. *p. 172.*

SAME.—*Bona Fide Purchaser.—Consideration.*—One who takes a negotiable note on an antecedent debt, or as collateral security, is protected in the same manner as a purchaser for a new consideration. *pp. 172, 173.*

EVIDENCE.—*Admissions.—Attorney's Fees.—Bills and Notes.—Instruction.*—An instruction in an action on a promissory note, fixing the amount for which the verdict should be returned and including in the amount attorney's fees, was erroneous, where plaintiff offered to prove the attorney's fees, and defendant stated that ": the usual attorney's fee under the rule is admitted by defendant," and no further reference was made to the subject. *p. 174.*

SAME.—*Rebuttal.*—No error was committed in permitting articles of association, duly signed and acknowledged, but not recorded in the county, as required by law, to be admitted in evidence for the purpose of rebutting the charge of bad faith in failing to incorporate the company. *pp. 174, 175.*

From the Vanderburgh Superior Court. Affirmed.

*C. L. Wedding* and *W. M. Blakey*, for appellant.
*Philip W. Frey*, for appellees.

COMSTOCK, C. J.—Appellees (plaintiffs below) sued appellant upon a promissory note, alleging in the complaint that they were partners, doing business under the firm name of Syfers, McBride & Co., and that appellant on the 1st of July, 1892, executed his promissory note payable at the Bank of Commerce of Evansville, Indiana, promising to pay to the order of himself, six months after date, the sum of $500; that on the same day said Warren indorsed and delivered said note to A. H. Mattox and F. G. Cross; that thereafter, before its maturity, for value, Mattox and Cross, by indorsement and delivery, transferred and sold the note to appellees, who are now the owners thereof. A copy of the

note and indorsements was made by exhibit a part of the complaint. Appellant answered in four paragraphs: First, that the note was given without consideration, and that appellees took it with the knowledge that it was so given; second, it was given without consideration, and that there were facts and circumstances attending the transfer, and known to plaintiffs at the time, sufficient to put them on their guard and inquiry into the consideration. The third paragraph alleges, in substance, that prior to the execution of the note in suit appellees were the owners of the right to use and vend the "Keeley cure" in the State of Indiana, and that they transferred the right to A. H. Mattox and F. G. Cross, payees in said note, upon contracts for future payments, to be made as they should be able to make the same out of the incorporation and formation of institutes with the right to use said cure; that they selected Evansville as a point at which to establish an institute, and proceeded to procure names for the formation and incorporation of the institute for that purpose; that they falsely represented the value of the institution and the profits of the same; that they falsely represented that the institute had been incorporated, and that the certificates of stock had been made out and were ready for delivery, and requested the signing of the note upon the condition that they should hold and retain the stock as security for their payment, and that when the note should be paid then the certificate would be given to defendant. It further alleges that such institute was never incorporated; that these representations were made to induce defendant to sign the note and to defraud him; that all these facts were known to plaintiffs before the transfer of the notes to them. The fourth paragraph, in addition to the fraudulent acts and representations charged in the third paragraph in the procuring of the note, alleges that said Mattox and Cross were the agents of appellees, with whom they conspired to cheat and defraud defendant and others. Appellees replied to these paragraphs (1) by general denial; (2)

Warren *v.* Syfers.

that the note sued on was bought by them for value before maturity, and without notice of any defense or equity existing against the same in favor of appellant, and was transferred to appellees in the usual course of commercial business, and that they were the owners by purchase and assignment, for value, without notice, before maturity. Subsequently appellant filed a fifth paragraph of answer to the effect that plaintiffs were not the real parties in interest; that the note was, at the commencement of the action, and at all times since had been, the property of the Keeley Cure Institute of Indiana, a corporation organized under the laws of the State of Indiana. For reply to this paragraph of answer plaintiffs alleged that they had succeeded the corporation referred to in its rights and liabilities, and had become the owners and entitled to the possession of all property formerly owned by said corporation, and that they were at the time of bringing of the action, and still are, the sole joint owners of the note. The trial resulted in a verdict and judgment in favor of appellees for $711.61. The action of the court in overruling appellant's motion for a new trial is the only error assigned.

It appears from the evidence that in November, 1892, the Keeley Institute of Indiana, composed of Rufus H. Syfers, Frank A. McBride, and George C. Webster, of Indiana, having the sole and exclusive right to establish and manage Keeley Institutes for the treatment of and cure of the drink, opium, and other drug habits, and to sell and administer Keeley remedies used for such purposes in the State of Indiana, derived from the Lester E. Keeley Co., of Dwight, Illinois, by written bill of sale, sold to A. H. Mattox and F. G. Cross, of Cincinnati, Ohio, all said exclusive rights, and all interests in all Keeley Institutes theretofore organized in Indiana. The consideration for said sale was $36,250. They paid $7,500 on the day of sale, and executed their notes for the balance as follows: $2,500 due sixty days; $5,000 due four months; $5,000 due seven months; $5,000 due ten months; $5,000 due thirteen months; $6,250 due fifteen months.

It was a part of the contract of sale that all cash and good bankable notes accruing from the sale of institute rights to establish Keeley Institutes in the State of Indiana should be paid by Mattox and Cross to Syfers, McBride, and Webster, and be credited on the notes and indebtedness of said Mattox and Cross. Institutes were established in several places in Indiana, one at Evansville. Stock was subscribed for, among other residents of that city, by appellant, for which he executed the note in suit. This note was made by appellant, payable at the Bank of Commerce of Evansville, six months after date, to the order of himself, and indorsed by him and delivered to Mattox and Cross, who indorsed it to appellees before its maturity. It was credited to Mattox and Cross upon one of the notes held by appellees.

The first reason set out in the motion for a new trial, viz., that the verdict of the jury is contrary to the law, and not sustained by the evidence, is first discussed in appellant's brief. It is insisted that the verdict is contrary to law, and not sustained by the evidence, for the reason that the note in suit was the property of the Keeley Institute, a corporation of Indiana; that the suit was not brought by the real parties in interest. The second paragraph of appellees' reply to the fifth paragraph of answer avers that they had succeeded the corporation referred to in its rights and liabilities, and that they were at the time of the bringing of this suit, and still are, the joint owners of the note. An examination of the record discloses that there was evidence fairly tending to support this paragraph, as well as all the material facts necessary for a recovery, and under the well settled rule of practice of appellate tribunals in this State, this is sufficient to uphold the judgment.

Appellant objects to the second instruction given to the jury "because it fails to state the important rule of law that the plaintiffs must appear to be *bona fide* purchasers, acting in good faith." The same objection is made to the third instruction. The two instructions in question are as follows:

(2.) "The court instructs the jury that if you find from all the evidence that the plaintiffs are the owners of the note described in the complaint, that the same is a negotiable note, and that the plaintiffs took it before maturity, in the usual course of business, without notice of facts which impeached its validity between the original parties to the note, or of such facts as should have put them upon inquiry, then the plaintiffs hold the same by a good title free from all defenses that might have been made by the defendant if it had been sued on by Mattox and Cross. And the court further instructs the jury that unless there are circumstances which excite suspicion, the purchaser is not bound to make inquiry at the time of purchase." (3.) "Inland bills of exchange and promissory notes payable in a bank in this State are governed by what is called the law merchant, that is to say, as applicable to the issues raised in this cause, if you believe from all the evidence in the case that the plaintiffs in the usual course of business purchased from Mattox & Cross the note sued on for a valuable consideration, before the maturity of said note, without any notice of any defense or equity existing against the same, and that at the time of their purchase they had no knowledge of such facts as put them upon inquiry, then they are entitled to recover, even though as between the defendant and the original payees of the note there existed equities in favor of the defendant." They are not open to the objections stated.

The fourth instruction is objected to because it uses the expression "without knowledge of defenses" instead of "without knowledge of facts" which constituted the defense. The following extracts from this instruction "without knowledge of any defense existing against the same and without knowledge of such facts as put them upon inquiry and in the usual course of business," shows the objection not to be well taken.

The objection to the sixth instruction is that it ignores the question as to whether appellees acted in good faith in the transaction. It is further objected that this instruction

states the law to be that, one who takes a promissory note upon an antecedent debt or as collateral security is protected as one who buys a note for a new consideration, and appellant insists that one who takes a negotiable note upon an antecedent debt is not a *bona fide* holder for value and entitled to none of the rights of such holder. Appellant cites *Petry* v. *Ambrosher*, 100 Ind. 510. The court held in that case that a wife who secures a conveyance of land from her husband in payment of an antecedent debt, and does not change her condition on account of the conveyance, is not a *bona fide* purchaser for a valuable consideration in such a sense as to be entitled to defeat the vendor's lien of her husband's grantor for the purchase money of the land; the court stating that the vendor's was the stronger equity, and prior in point of time; that it would be gross injustice to permit a man to get another's land without paying for it, and after having gotten it, turn it over to his wife in payment of a precedent debt. The instruction is in the following language: "The court instructs the jury that if you believe from all the evidence given in the case that the plaintiffs in this action bought this note in the usual course of business, before its maturity, from Mattox and Cross, and that at the time they purchased the same they had no knowledge of such facts as put them on inquiry, and that they gave or parted with a valuable consideration for said note, then the plaintiffs are entitled to recover the amount of said note with interest thereon according to its tenor, and reasonable attorney's fees." It correctly states the law. *Straughan* v. *Fairchild*, 80 Ind. 598; *Spencer* v. *Sloan*, 108 Ind. 183, 188; *National Exchange Bank* v. *Berry*, 21 Ind. App. 261. No authority is cited to sustain appellant's objection to either of the instructions but *Petry* v. *Ambrosher*, *supra*, which is not applicable to the facts in the case at bar.

Without unduly extending this opinion by reciting the objections to each of the other instructions excepted to, we deem it sufficient to say that, considered together, the instruc-

tions fairly state the law, except the following, being number one of the instructions given by the court of its own motion: "Unless the defendant has established by a fair preponderance of the evidence one or more of the defenses set out in his answer, the plaintiffs are entitled to recover upon the note set out in the complaint. Unless the defendant has thus established one or more of the defenses aforesaid, there is now due on the note for principal, interest and attorney's fees the sum of $711.61." We think in this instruction the court erred in fixing the amount for which the verdict should be returned, and in including in that amount an attorney's fee. It is evident that the jury included in the sum awarded appellees more than the principal and interest due on the note; while the note provided for attorney's fees, there was no evidence fixing the value of the fee. Counsel for appellees offered, after the introduction of the note in evidence, to prove a reasonable attorney's fee, and counsel for appellant stated "The usual attorney's fee under the rule is admitted by the defendant." No further reference was made to the subject.

It is claimed that the court erred to the prejudice of appellant in repeatedly instructing the jury, in substance, that "if a bankable note was given, and it passed into the hands of appellees, that they must find for plaintiffs." As said by Robinson, J., speaking for the court in *Mullen* v. *Bower*, 22 Ind. App., 294: "It is, no doubt, the correct practice that, when a court has once stated to the jury a legal proposition clearly and fully, it should not repeat it."

The law governing the transfer of commercial paper, for value, before maturity, to an innocent purchaser has been expressed in various forms in the instructions given to the jury with the evident purpose of assisting them in the application of the evidence, but we can not say that this was done to the prejudice of either party to the suit in the case before us.

The last reason in the motion for a new trial discussed

by appellant's counsel is that the court erred in allowing appellees to put in evidence articles of association of the Keeley Institute of Evansville, Indiana. These articles were signed and acknowledged before a notary public. Their introduction in evidence was objected to because they had never been recorded in the recorder's office of Vanderburgh county, as required by statute. Counsel for appellees, in offering this evidence, stated that appellant had sworn that no corporation had been organized, to make the impression that the failure to organize was the fault of Mattox and, Cross; that they offered the evidence to show that it was not the fault of the parties in Evansville having the matter in charge. They claimed that it was admissible to rebut the charge of bad faith. We think it was competent for that purpose.

The judgment of the court is affirmed, upon the condition that appellees within thirty days remit the difference between the principal and interest of the note in suit and the amount of the judgment; otherwise, the trial court is directed to sustain appellant's motion for a new trial.