*H. C. Newcomb* and *J. Tarkington*, for appellee.

------------

## Rowe *v.* Haines.

A judgment will not be reversed for a defect which has not, in some manner, been brought to the attention of the Court below.

A promissory note was transferred by the following indorsement : "I assign the within to *A.* to secure him as security to *B.*"

*Held,* that the indorsement was sufficient to vest the title to the note in *A.*, and to enable him to transfer the note to another.

*Held,* also, that if a bill or note be indorsed as a collateral security, that is an adequate consideration to enable the party to sue thereon, though he advanced no new credit on the bill or note.

APPEAL from the *Tippecanoe* Common Pleas.

WORDEN, J.—*Haines,* as indorsee, sued *Rowe,* as maker, of two promissory notes. Judgment for the plaintiff. *Rowe* appeals, and makes two points for the reversal of the judgment. *First :* that there was a trial without an issue upon an affirmative paragraph of his answer. The attention of the Court below was not called to this defect, in any manner whatever; and it has been determined, in several cases, that judgment will not be reversed in this Court for such cause, unless advantage was sought to be taken of the irregularity in the Court below.

Thursday,
January 24.

Nov. Term,
1860.

*Second:* that one of the notes sued on was not properly indorsed, so as to vest the title thereto in the indorsee. The note in question was payable to *G. W. Hazzard,* and by him indorsed as follows: "I assign the within note to *William Martin,* to secure him as security to *T. Nichols.*" It was afterward indorsed by *Martin* to the plaintiff. This indorsement seems to be entirely sufficient to vest the title to the note in *Martin,* and it could, of course, be again transferred by him. The indorsement purports to be absolute and unconditional; and although it expresses the object for which the transfer was made, this fact does not affect the validity of the transfer. "If a bill or note be indorsed as a *collateral security,* that is an adequate consideration to enable the party to sue thereon, though he advanced no new credit on the bill or note." Chitty on Bills, 10 Am. Ed. p. 74; *vide,* also, *Valette* v. *Mason,* 1 Ind. 288. There seemed to be no defense to the note, and it is clear that the plaintiff was entitled to recover on it.

*Per Curiam.*—The judgment is affirmed, with 6 per cent. damages and costs.

*E. A. Greenlee,* for appellant.

*D. Mace,* for appellee.