## MANEGOLD vs. DULAU.

*Promissory Note — Pleading.*

1. In an action on a note by one who claims as indorsee, where the com-
plaint avers and the answer does not deny that the plaintiff is the
owner and holder, defendant cannot make proof that the note was
never indorsed to plaintiff and is not owned by him.
2. The answer alleges that the note was given "for a horse purchased by de-
fendant of plaintiff, and for no other consideration." *Held*, that this
is also an admission of plaintiff's ownership of the note.
3. A note running to a partnership may be endorsed by it to one of its
members, so as to enable him to maintain an action thereon. *Merrill
v. Guthrie*, 1 Pinney's Wis. R., 435.

APPEAL from the County Court of *Milwaukee* County.

Action upon a promissory note executed jointly and sever-
ally by the defendant and one William Berland to F. W.
Manegold & Co., or order, and indorsed by that firm to the

plaintiff. The complaint is in the usual form of a complaint by the indorsee of a promissory note against the maker.

The answer is a counter claim for damages for an alleged breach of warranty on the sale of a horse by the plaintiff to the defendant, for the price of which said horse the note is alleged to have been given. The plaintiff replied to such counter claim, denying the same.

On the trial the plaintiff read the note in evidence, the court having overruled an objection to its admission on the ground that the complaint does not state facts sufficient to constitute a cause of action, and then rested his case. The defendant thereupon moved to non suit the plaintiff for the reasons that there was no evidence showing that the note was indorsed by the payees, or that it was indorsed and delivered to the plaintiff by them, or that the plaintiff is the real party in interest, or that that the indorsement was made to the plaintiff, by and with the consent of his co-partners, who, it is assumed, are, together with the plaintiff, the payees named in the note. The court denied the motion for a non-suit, and the defendant then offered testimony tending to prove that the plaintiff was a member of the firm of F. W. Manegold & Co., the payees named in the note. This testimony was rejected by the court, and the defendant offered no further testimony. The court directed the jury to find for the plaintiff for the amount due on the note by its terms, and a verdict was rendered accordingly. The defendant appeals from the judgment against him which was rendered upon the verdict.

*E. Fox Cook*, for appellant.

*Johnson & Rietbrock*, for respondent.

LYON, J. The answer does not deny any of the allegations of the complaint, and, therefore, all of the material allegations of the complaint are to be taken as true. *Taylor's Statutes*, 1444, § 33. One of these is, that the note was indorsed by the payees thereof to the plaintiff, who, at the commencement of

the action was the owner and holder thereof. Such being the admission of the answer, it is difficult to perceive on what principle the defendant could be allowed to ignore his admission of record, and to prove that the note was not indorsed to the plaintiff and owned by him. Indeed, the complaint contains all necessary averments, (and the answer admits their truth,) to show, *prima facie*, that the plaintiff was entitled to recover on the note, and in the absence of any proof of the counter-claim, the plaintiff was entitled to judgment under the pleadings, without introducing any testimony whatever.

But were this otherwise, and should it be conceded that the the plaintiff is one of the firm of F. W. Manegold & Co., named in the note, the plaintiff would still be entitled to recover upon two grounds.

1. The answer admits that the plaintiff paid the whole consideration for which the note was given. The averment is as follows: "That the said note mentioned in this plaintiff's complaint was given for a horse purchased by the defendant of the plaintiff, and for no other consideration." This demonstrates that the plaintiff was the owner of the note, and being such owner he could have maintained an action upon it, even though it had not been indorsed to him.

2. But if the note was the property of the firm of F. W. Manegold & Co., it was competent for that firm to indorse it to the plaintiff, a member of the firm, so as to enable him to maintain an action upon it. It was so expressly adjudged in *Merrill v. Guthrie*, 1 Pinney's Wis., 435; and the same doctrine is asserted in *Smith v. Lusher*, 5 Cow. 688.

Hence it would have availed the defendant nothing had he been permitted to show that the plaintiff was one of the firm of F. W. Manegold & Co.

In any view in which the case is presented to our minds, the right of the plaintiff to recover on the note seems indisputable. The judgment of the county court must therefore be affirmed.

*By the Court.*—Judgment affirmed.