## HUNTER, ADMINISTRATOR, *v.* PROBST.

PLEADING.—*Evidence.*—*Execution of Written Instrument.*—*Administrator.*— In a suit brought by an administrator upon a written promise to pay money to his intestate, a sworn denial by the alleged maker puts the administrator upon proof of the execution of the instrument.

SAME.—*Statutes Construed.*—Section 75, 2 G. & H. 101, and section 785, 2 G. & H. 332, should be considered with reference to section 80, 2 G. & H. 105, and construed so that the fact that a pleading has been sworn to by either

party shall not on the trial be deemed proof of the facts alleged therein, nor require other or greater proof on the part of the adverse party than is required for pleadings not sworn to, except when the execution of a written instrument is thus denied.

From the Ripley Circuit Court.

*G. Durbin,* for appellant.

*W. D. Ward* and *J. B. Rebuck,* for appellee.

OSBORN, J.—The appellant, as administrator of the estate of John H. Smith, deceased, sued the appellee upon an alleged written promise to pay to the order of the decedent two hundred dollars, if the appellee should collect the full sum of a mortgage assigned to him by B. Simon the 1st day of June, 1860. There was an averment that the mortgage had been paid.

To this complaint, the appellee filed an answer of two paragraphs. One denying each and every allegation of the complaint, and the other alleging payment to the decedent. The general denial was properly verified by the affidavit of the appellee.

The cause was tried by the court, resulting in a finding for the appellee, and, over a motion for a new trial, judgment was rendered for costs against the appellant, to be levied of the goods, etc., of the estate of Smith, to be administered.

The grounds for the new trial, as stated in the motion, were:

1. Because the finding of the court was not sustained by the evidence, and that it was contrary to law.

2. Because the court erred in refusing to admit the note set out in the complaint in evidence, without proof of its execution; and in admitting evidence to prove that at different times the decedent offered to borrow money from the appellant.

On the trial, the appellant offered the contract set out in the complaint in evidence, without proving its execution, to which the appellee objected. His objection was sustained, and the appellant excepted.

It is urged by the appellant, that in a suit brought by an

administrator upon a written promise to pay money to his intestate, a sworn denial by the alleged maker does not put the administrator upon proof of the execution, because by the act of March 11th, 1867 (3 Ind. Stat. 559, 560), the parties can not be witnesses in their own behalf on the trial of the cause. It is said that the effect of such a denial is equivalent to making the party a witness in his own behalf.

It is alleged in the complaint that the appellee executed the instrument. That was a material averment, and, when it was denied by a sworn answer, required proof. Sec. 80, 2 G. & H. 105.

When that section was enacted, the law did not permit parties to actions to be witnesses in their own behalf. It provides that the instrument may be read in evidence on the trial of the cause without proving its execution, unless its execution is denied by affidavit, or a pleading under oath. In the case of *Myers* v. *The State, ex rel. McCray, ante,* p. 293, it was held that in an action against an administrator, on a writing purporting to have been executed by his intestate, the instrument could not be read in evidence until its execution was proved, if objection was made. But if it was admitted without such proof and without objection, proof of its execution would be considered as waived.

The fact that the party denying the execution of the instrument is incompetent to testify as a witness in his own behalf, on the trial of the action, can have no bearing upon the effect of such denial. Sec. 75, 2 G. & H. 101, and sec. 785, 2 G. & H. 332, should be considered with reference to sec. 80, *supra,* and construed so that pleadings sworn to by either party shall not, on the trial, be deemed proof of the facts alleged therein, nor require other or greater proof, on the part of the adverse party, than those not sworn to, except where the execution of a written instrument is thus denied. *Bradley* v. *The Bank, etc.,* 20 Ind. 528, 532.

It is also urged that the court erred in not comparing signatures to determine whether that to the writing sued on was the genuine signature of the appellee. But as that was

not specified as a cause for a new trial in the motion, we can not consider it.   See *Burdick* v. *Hunt*, 43 Ind. 381.

The cause for a new trial, that the court erred in admitting evidence to prove that at different times the decedent offered to borrow money of the appellee, can not avail the appellant, even if the action of the court complained of was erroneous, as the finding of the court must have been for the appellee on the evidence, without such proof.   No recovery could be had until the contract sued on had been introduced in evidence, and that had been excluded.

The judgment of the said Ripley Circuit Court is affirmed, with costs.