## McIntosh *v.* Robison.

FRAUDULENT REPRESENTATIONS.—*Pleading.—Defence.*—An answer alleging fraudulent representations as a defence to a promissory note, but not alleging that the defendant had relied thereon, is insufficient.

MISTAKE.—*Promissory Note.— Vendor's Lien.—Assignment.—Admissions by Answer.*—In an action by an endorsee, upon and to reform a promissory note which recited that it was given in part for the purchase-money of a tract of land, wherein the complaint alleged a mistake in the description of the land, the defendant, in his answer, admitted "the execution of the note mentioned in said complaint, but" said "that the same was executed for the real estate therein described, and for no other consideration whatever;" and denied "every allegation in said complaint not specifically admitted herein," etc.

*Held,* on demurrer, that the alleged mistake and endorsement are not admitted, but denied, by the answer, and that the answer is sufficient.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short,* for appellant.

*J. D. Alexander* and *H. W. Letsinger,* for appellee.

WORDEN, J.—Action by the appellee, as indorsee, against the appellant, as maker, of the following promissory note:

McIntosh *v.* Robison.

"$800. On or before the 25th day of December, 1876, I promise to pay to John M. Ross eight hundred dollars, without any relief from valuation or appraisement laws, with interest at six per cent. from December 25th, 1875, being part payment for the S. ½ of the N. E. ¼, sec. 30, T. 7, R. 7, in Greene county, Ind.

(Signed,) "J. P. McINTOSH."

Endorsed : "JOHN ROSS."

There were three paragraphs in the complaint. The first was an ordinary count upon the note. The second alleged that " the note was given for the unpaid purchase-money of the following real estate in Greene county, Indiana, to wit : The *east* half of the north-east quarter of section (30) thirty, in township (7) seven north, of range (7) west, containing 80 acres ; that, in writing said note, the draughtsman, in writing the numbers of said land in said note, entered or wrote the same by mistake, as the *south* half of the north-east quarter of section (30) thirty, township (7) seven north, of range seven (7) west; when the said John M. Ross and the said Jacob P. McIntosh intended it should be entered in said note as the east ½ of N. E. qr. of said section, town and range as aforesaid." This paragraph prays for a reformation of the note, and that the plaintiff may have judgment, and a lien on the land intended to have been described in the note.

The third paragraph alleges the same facts, in substance, as alleged in the second, with the further averment, that the mistake was carried into the conveyance from Ross to McIntosh ; that the mistake was not discovered until after the original complaint was filed, but, upon the discovery of the mistake, Ross immediately executed a conveyance to McIntosh for the east half of the quarter section of land mentioned, and tendered it to him, but he refused to accept the same; and the plaintiff, as the assignee of Ross, brings the deed into court, for the use of the defendant.

The defendant answered as follows :

"The defendant, for answer to the plaintiff's complaint, says that he admits the execution of the note mentioned in said complaint, but says that the same was executed for the real estate therein described, and for no other consideration whatever; and the defendant avers, that, at the time of the execution of the note, the payee falsely and fraudulently represented to the defendant that he was the owner of said real estate and had a perfect chain of title for the same; * * * and he says that said payee, at the time of the execution of said note, had not the title to said real estate, neither has he acquired any title since the execution of said note; and the defendant denies every allegation in said complaint not specifically admitted herein. Wherefore," etc.

A demurrer for want of sufficient facts to this answer was sustained, and the defendant excepted. The defendant not answering further, judgment was taken for the plaintiff. The error assigned calls in question the correctness of the ruling on the demurrer.

The fraudulent representation of title alleged in the answer was clearly no defence to the action. It does not appear that the defendant either relied upon it, or had any right to rely upon it. *Jenkins* v. *Long*, 19 Ind. 28; *Conwell* v. *Clifford*, 45 Ind. 392.

But the counsel for the appellant claim that the answer was good by way of denial. This, it seems to us, is correct. The answer admits the execution of the note, but denies every other matter alleged in the complaint.

We do not read the answer as do the counsel for the appellee. They say, "Defendant by his answer admits the execution of the note, and that it was given for the real estate mentioned in the complaint." Again: "He denies every allegation in said complaint not specifically admitted, after admitting the execution of the note, and that it was given for the real estate mentioned in the com-

plaint, which was an admission of the mistake as alleged, that it was for the E. ½," etc.

The language of the answer is, " The defendant, for answer to the plaintiff's complaint, admits the execution of the note mentioned in said complaint, but says that the same was executed for the real estate therein described, and for no other consideration whatever."

This we understand to mean that the note was given for the real estate described therein. The word " therein " refers to the note, and not to the complaint.

The answer put in issue not only all that was alleged in the complaint as to the mistake, but also the allegation of the endorsement of the note by the payee to the plaintiff. The endorsement of the note to the plaintiff was no part of the execution of the note. The making of a note and the endorsement thereof are separate and independent contracts. The defendant had a right to put in issue the endorsement of the note as alleged in the complaint, and thereby require the plaintiff to give in evidence the note endorsed as alleged. The answer not being sworn to, no proof would be required of the execution of the endorsement ; but still the note and endorsement would have to be produced and given in evidence. See *Belton* v. *Smith*, 45 Ind. 291, and authorities there cited. The answer controverted a material fact, the endorsement ; that would have to be proved, in order to entitle the plaintiff to recover upon any paragraph of the complaint.

The demurrer to the answer, we think, should have been overruled.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.