BLACKSTONE NATIONAL BANK *vs.* RICHMOND J. LANE, trustee.

Cumberland. Opinion February 1, 1888.

*Parties. Declaration. Promissory note. Demand. Money count. Venue. New trial.*

An action is against a defendant in his individual capacity, notwithstanding it describes him as a trustee for another and is upon a note signed by the defendant, "trustee of the estate," etc.

It is not a variance, in an action on a promissory note, that the declaration does not mention a memorandum on the note, stating that it was held as collateral security.

Where the declaration contains a money count, in such an action, it is not necessary to aver a demand at the place where the note was payable. It is sufficient if there is proof that such a demand was in fact made.

Venues are not required in transitory actions.

A new trial will not be granted because of the admission of irrelevant and immaterial testimony, when it was harmless.

ON exceptions.

Assumpsit on a promissory note against the defendant as " trustee of the estate of George E. Davis of Boston." The

questions raised by the exceptions and the material facts are stated in the opinion.

*Symonds and Libby*, for plaintiff.

Venues are of no use. *Briggs* v. *Nantucket Bank*, 5 Mass. 95.

A promissory note sustains a money count. *Wild* v. *Fisher*, 4 Pick. 421; *State Bank* v. *Hurd*, 12 Mass. 171; *Eagle Bank* v. *Smith*, 5 Conn. 74; *Smith* v. *Smith*, 2 Johns. 239; *Young* v. *Adams*, 6 Mass. 189; *Carver* v. *Hayes*, 47 Maine, 258; *Atkins* v. *Brown*, 59 Maine, 90; *Felton* v. *Dickinson*, 10 Mass. 289.

The court must presume that the law of the place of contract (here Massachusetts) is the same as in this state, when not proved otherwise. *McKenzie* v. *Wardwell*, 61 Maine, 139; *Legg* v. *Legg*, 8 Mass. 100; Story, Confl. L. § 637; *Palfrey* v. *Portland S. & P. R. Co.* 4 Allen, 56; *Chase* v. *Alliance Ins. Co.* 9 Allen, 311; *Carpenter* v. *Grand Trunk Ry. Co.* 72 Maine, 388; *Murphy* v. *Collins*, 121 Mass. 6; *Stevenson* v. *Payne*, 109 Mass. 378; *Throop* v. *Hatch*, 3 Abb. Pr. 27; *Wright* v. *Delafield*, 23 Barb. 498.

As to averment and proof of demand, see *Rowe* v. *Young*, 2 Brod. & B. 165; *Wallace* v. *McConnell*, 13 Pet. 136; *Ruggles* v. *Patten*, 8 Mass. 482; *Carley* v. *Vance*, 17 Mass. 389; *Payson* v. *Whitcomb*, 15 Pick. 216; *Carter* v. *Smith*, 9 Cush. 322; *Bond* v. *Storrs*, 13 Conn. 416; *Bacon* v. *Dyer*, 12 Maine, 23; *Remick* v. *O'Kyle*, 12 Maine, 340; *McKenney* v. *Whipple*, 21 Maine, 98; *Gammon* v. *Everett*, 25 Maine, 66; *Tebbetts* v. *Pickering*, 5 Cush. 85.

*Woodman and Thompson*, for the defendant.

The venue in the first count of the declaration is "at Boston, in the state of Massachusetts."

"A venue should be laid to every material traversable fact." Saunders' Pleading, p. 413; Gould's Pleading, Ch. III, § 102.

The usefulness of the averment of a proper venue. even in transitory actions, has been maintained by this court. *Bean* v. *Ayers*, 67 Maine, 486.

. Its necessity has been asserted by the Supreme Court of

Massachusetts. " We therefore hold a declaration without a venue, or with a wrong one, as bad in form when specially demurred to." *·Briggs* v. *Nantucket Bank*, 5 Mass. 96.

In Revised Statutes, c. 32, § 10, it is provided that "in an action upon a promissory note payable at a place certain, either on demand, or on demand at or after a time specified therein, the plaintiff shall not recover unless he proves a demand made at the place of payment, prior to the commencement of the suit." The statute is plain, absolute and unqualified. The note in suit is one which falls within its terms, and its description, as set forth in the first count of the declaration, is such as to show this fact. On this point it was ingeniously contended for the plaintiff at the argument at *nisi prius* that at common law in this state, prior to this statute, no demand was necessary upon a note of this kind (*Stowe* v. *Colburn*, 30 Maine, 34), and that, in the absence of evidence as to the law of Massachusetts in regard to demand, the court will presume that it is the same as our common law, and not the same as our statute law, citing *Carpenter* v. *Grand Trunk R'y Co.* 72 Maine, 291, which was a case arising under the Act of 1871, Ch. 223.

" As to the law regulating remedies, it is clearly settled, and upon most satisfactory grounds, that every case must be governed by the law of the place where the remedy is sought. What species of process a creditor may have by arrest of the person, attachment or sequestration of real or personal property, the time, place and manner in which, and the tribunal before whom suit may be brought, are all regulated by the *lex fori.*" *May* v. *Breed*, 7 Cush. 34.

It may be contended that, granting that this note was one which was binding upon the trust estate, it was not an obligation upon which an action at law could be maintained, but that the plaintiff's remedy against the trust property could only be enforced in equity, and that it will not be assumed that the plaintiff has endeavored to sue a person who is not suable at law, and that, therefore, all words referring to his trusteeship will be rejected as *descriptio personæ* and surplusage, but to the effect that a trustee may be sued at law where the demand is a

liquidated one which does not require a general accounting by the trustee of the affairs of the trust.    See *Johnson* v. *Johnson*, 120 Mass. 465 ; *Rogers* v. *Daniell*, 8 Allen, 343 ; *McLaughlin* v. *Swann*, 18 Howard, 217 ; *Crooker* v. *Rogers*, 58 Maine, 339.

The first note is objectionable in that it varies from the note declared upon.    The declaration sets forth a simple, absolute, promissory note, while the note produced has expressed upon its face that it is "collateral security for any paper now held or which may hereafter be held by said bank, signed by R. J. Lane and Pratt," a materially different contract from that declared upon, inasmuch as the contract set forth in the note is a conditional or contingent one.    *Whitaker* v. *Smith*, 4 Pick. 83 ; *Tebbetts* v. *Pickering*, 5 Cush. 85.

WALTON, J.    Action upon a promissory note, tried by the justice of the superior court without a jury, and brought into the law court on exceptions by the defendant.    We fail to find any valid reason why the plaintiff is not entitled to judgment, as ordered by the justice of the superior court.

1.    The objection that the defendant is sued in two capacities, and that there is, therefore, a misjoinder of counts, is not well founded.    He is described in the note and in the writ as trustee of the estate of George E. Davis ; but this is only *descriptio personæ*.    The note is binding upon the defendant in his private and individual capacity, and we think the action is against him in that capacity and no other.

2.    The alleged variance between the declaration and the note offered in evidence is not well founded.    There is a memorandum inserted in the note that it is to be held by the bank as collateral security for other notes, and this memorandum is not mentioned in the declaration, but we do not think this constitutes a variance.

3.    The want of an averment in the declaration that payment of the note was demanded at the Blackstone bank, where it was made payable, is no objection to a recovery.    A recovery under the money count can be had without such an averment, upon proof that such a demand was in fact made ; and we think the evidence that such a demand was made was amply sufficient to

justify the justice of the superior court in so finding; and he has so found. Whether such a demand was necessary, it is not necessary to determine.

4. Nor is the want of a venue in the first count in the writ any objection to a recovery. The plaintiff could recover if that count was struck out of the writ. Besides, a venue in a transitory action is entirely useless. Venues in transitory actions were long ago abolished in England, and were declared unnecessay in Massachusetts more than half a century ago (24 Pick. 398, rule 45) ; and we think they should be allowed to become obsolete in this state. Of course these remarks are not applicable to local actions. In local actions, a proper venue is still necessary.

5. It seems to be true, as the defendant contends, that some irrelevant and immaterial evidence was admitted into the case; but this evidence was entirely harmless, and furnishes no ground for a new trial. In fact, we find no valid ground for a new trial.

*Exceptions overruled.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.