### No. 145.

### SHONKWILER v. DUNAVIN.

PROMISSORY NOTE.—*Action on.—Pleading.—General Denial.—Proof of Endorsement.*—In an action against the maker on a promissory note, alleged to have been assigned to the plaintiff by written endorsement, there can be no recovery, if the general denial is in, without proof of such endorsement.

From the Benton Circuit Court.

*U. Z. Wiley,* for appellant.

*J. T. Saunderson* and *F. A. Comparet,* for appellee.

NEW, J.—The appellee sued the appellant and two others on a note by them executed to Jacob Clark.

It is alleged in the complaint that said note was assigned to the appellee " by written endorsement thereon and by delivering the same to him."

Upon the issues formed there was a trial by the court, with finding and judgment for the appellee against all the makers of the note for the sum of $673.94.

The appellant, in his own separate behalf, moved the court for a new trial, which motion was overruled, and exceptions reserved.

By the error assigned on the overruling of the motion of appellant for a new trial, the question is presented whether the finding of the court is sustained by sufficient evidence.

The finding of the court was not sustained by sufficient evidence.

By the first paragraph of the answer all the material averments in the complaint are denied, and it was, therefore, incumbent on the appellant to prove the endorsement of the note sued on to him, as alleged in his complaint. *Jackson Township* v. *Barnes,* 55 Ind. 136; *Wallace* v. *Reed,* 70 Ind. 263; *Morgan* v. *Smith, etc., Co.,* 73 Ind. 179; *Hadley* v. *Wray,* 76 Ind. 476; *Smelser* v. *Wayne, etc., Co.,* 82 Ind. 417.

The only evidence introduced by the appellee in support of his complaint was the note and the credits endorsed thereon, together with evidence of the value of the services of appellee's attorney in said cause.

Assuming, as we are bound to, that the bill of exceptions is correct, as we find it in the record, the appellee wholly failed to prove that Clark, the payee of the note, had, before the commencement of the suit, or at any other time, parted with his title to the note by endorsement or otherwise. It becomes our duty, therefore, to reverse the judgment for the reason that it does not appear upon the record that the endorsement of the note sued on was introduced in evidence.

The judgment is reversed, with costs.

Filed May 27, 1891.