No. 1,851.

## MOORE *v.* HUBBARD.

PROMISSORY NOTE.—*Endorsement.*— *Consideration.*—It need not be shown that the consideration for the execution of a promissory note passed from the payee thereof. It will be sufficient to show that a valuable consideration passed to the maker, from any one, by reason of which the instrument was executed.

SAME.—*Endorsee.*—*Proof.*—Where the endorsee of a note sues upon it, he must, when his complaint is challenged by a general denial, prove that it was endorsed to him in writing.

EVIDENCE.—*Endorsement of Note.*—In an action, by an endorsee of a note, he must, when his complaint is challenged by general denial, prove that it was endorsed to him in writing; and the best evidence of that fact is the writing itself, but if the fact be proven by parol, without objection, that is sufficient.

From the Marion Superior Court.

*S. H. Spooner* and *S. Ashby,* for appellant.

*W. H. Jordan,* for appellee.

GAVIN, C. J.—The appellee sued appellant upon a note, or contract, for the payment of money, executed to Carlin & Lennox, and assigned to appellee by endorsement.

The complaint is attacked, for the first time, in this court. The language of the instrument is peculiar, and we find some difficulty in intelligently interpreting all its parts. It is clear to our minds, however, that

the complaint contains sufficient to enable it to withstand the assault made upon it in this court. There is an absolute and unconditional promise to pay a fixed amount at specified times. The language of the latter portion of the instrument cannot be regarded as creating a condition precedent which the complaint fails to show performed. The only condition stated is the agreement by the payees to sell and deliver to appellant a certain piano, with the further provision that "this agreement shall not be binding on Carlin & Lennox (the payees) until accepted and approved by them."

By the acceptance of the instrument sued on, the payees became bound by its provisions. *Martindale* v. *Parsons*, 98 Ind. 174.

The claim that the complaint does not state facts sufficient to constitute a cause of action, cannot be sustained.

The other questions argued relate to the correctness of the court's action in overruling the motion for a new trial. The insufficiency of the evidence and error in admitting evidence are principally relied upon as causes for new trial.

While the evidence as to the execution of the note is most absolutely irreconcilable, we cannot, under well-established rules, say there was no evidence to fairly sustain the determination of the trial court. The trial judge evidently concluded that appellant was in error in her version of the various transactions out of which this controversy arose. With that conclusion, we are not justified, by the evidence, in interfering. Whether or not the consideration for the execution of the instrument sued on, passed to appellant from the payees of the note or from some one else, it would still be sufficient to sustain it if there was a valuable consideration passing to her from any one, by

reason of which the instrument was executed. This is true in Indiana, even though the promise be not made directly to him who sues upon it. *Miller* v. *Billingsly*, 41 Ind. 489; *Rodenbarger* v. *Bramblett*, 78 Ind. 213; *Waterman* v. *Morgan*, 114 Ind. 237; *Bateman* v. *Butler*, 124 Ind. 223; *Stanton* v. *Kenrick*, 135 Ind. 382; *Judson* v. *Romaine*, 8 Ind. App. 390.

It is undoubtedly true, as claimed by appellant, that where the endorsee of a note sues upon it, he must, when his complaint is challenged by a general denial, prove that it was endorsed to him in writing. *Shonkwiler* v. *Dunavin*, 1 Ind. App. 505.

The best evidence of this fact was the writing itself, but if the fact was proved by parol, without objection, this is sufficient to establish it. *Pennsylvania Co.* v. *Stanley*, 10 Ind. App. 421.

In the cases cited by appellant, where there was held to be a want of proof of the endorsement, there does not seem to have been any evidence to supply the lack of the endorsement itself.

Counsel for appellant say: "The substance of the issue tendered by appellee's pleading below was, did the appellant execute the instrument of writing sued on to Carlin & Lennox, as alleged in the complaint? and whether or not there was any consideration passing from Carlin & Lennox to appellant to cause her to execute the same, and whether or not the endorsements on said writing were made as appellee alleged in his complaint."

It may be conceded that this correctly states the substance of the issues, save as to the necessity of showing that the consideration passed directly from Carlin & Lennox to appellant.

In the face of appellant's denial that there was any consideration for the note, and her denial of its execution, or of the purchase of any piano from any one,

there was no error in permitting appellee to prove that he bargained and sold to appellant a piano then in Carlin & Lennox's possession, in consideration of which the note in suit was executed.

Had appellee failed to show the legal title to the note, vested in him by endorsement, then the case of *Smelser* v. *Wayne, etc., Turnp. Co.*, 82 Ind. 417, would be pertinent; but appellee's legal title having been sufficiently proved, it is not overthrown by proof that he was also the equitable owner of the note at its inception, if this be the effect of the evidence as appellant seems to contend.

The evidence of which complaint is made, was properly admitted to rebut the case made by appellant. Since this is true, there was no error in overruling appellant's omnibus motion to strike out.

It is conceded by appellee's counsel that the finding and judgment are for an amount too large by $26.04, which sum they offer to remit.

Other than this we find no cause for reversal.

It is, therefore, ordered that the judgment be affirmed at appellee's costs, upon his filing, within thirty days, a remittitur of that amount as of the date of the judgment. Otherwise the judgment will be reversed.

Filed February 11, 1896; petition for rehearing overruled April 17, 1896.