## BAXTER ET AL. v. MOORE.

[No. 8334. Filed June 11, 1914.]

1. BILLS AND NOTES.—*Action by Indorsee.*—*Complaint.*—*Averments of Ownership.*—A complaint in an indorsee's action on certain notes, alleging the execution of the notes to one who indorsed them to plaintiff, and that they were unpaid, sufficiently shows title in the plaintiff, and the further allegation that plaintiff "is now the owner of said notes" is a mere conclusion, neither adding to nor detracting from the complaint. p. 475.

2. PLEDGES.—*Notes.*—*Rights of Pledgee.*—*"Owner".*—Where a note is indorsed to another after maturity to be held in pledge by the

latter as collateral security, such pledgee holds the legal title thereto, and as incident to such holding the right to sue and receive payment is vested exclusively in him, with precisely the same remedies as his indorser would have had; but if he recovers an excess over the debt due him, he holds such excess in trust for the indorser, since the ownership of such pledgee is not equivalent to absolute ownership. p. 476.

3. PLEDGES.—*Enforcement of Right of Action.—Sufficiency of Complaint.—Ownership.*—One to whom a note has been indorsed to be held in pledge as collateral security, in order to recover on such instrument, need not aver specifically that he holds the same as collateral. p. 477.

4. BILLS AND NOTES.—*Action.—Complaint.—Fact of Indorsement.*—In an action on a note, where the complaint alleges that the note was assigned to plaintiff by indorsement, and the fact of the indorsement rather than the genuineness thereof is questioned, the issue is presented by an answer of general denial. p. 478.

5. BILLS AND NOTES.—*Action.—Complaint.—Answer.*—Where the complaint on a note alleged that it had been indorsed to plaintiff, and defendant's answer neither denied nor avoided such allegation, the fact of such indorsement was thereby impliedly admitted, and a like admission results from the phrase "and the assignment and transfer of said notes", etc., contained in such answer. p. 478.

6. BILLS AND NOTES.—*Evidence.—Indorsement.*—In the absence of objection to parol proof of an indorsement, the same will sustain a finding that such indorsement was made, though the best evidence is the indorsement itself. p. 479.

7. BILLS AND NOTES.—*Action.—Answer.—Ownership of Note.—Conclusion.*—In an action on a promissory note, the allegation in an answer that the plaintiff is not the real party in interest and that the note sued on does not belong to him, was merely the conclusion of the pleader, and to present the question of ownership and plaintiff's interest, the facts must be specifically pleaded, and especially was such averment ineffective since further specific allegations in such answer that plaintiff held the note as collateral security showed that he was the real party in interest. p. 479.

From Grant Circuit Court; *H. J. Paulus*, Judge.

Action by James T. Moore against James A. Baxter and another.

From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*John S. Kersey* and *Woodson S. Marshall,* for appellants.
*Marshall Williams* and *George M. Coons,* for appellee.

CALDWELL, J.—The averments of appellee's complaint, material to the questions presented, are in substance as follows: That on February 11, 1900, one Orrin H. Trook, by written contract, sold to appellant James A. Baxter, a tract of land situate in Grant County, Indiana; that Baxter executed to Trook a series of notes representing the unpaid balance of the purchase money; that subsequently, by agreement of the parties interested, Trook conveyed the land to appellant Ella Lee Baxter, wife of James A. Baxter, and that she assumed and agreed to pay the remaining notes; that certain of the notes, amounting in principal and interest to $249.09 are due and unpaid; "that before the commencement of this suit, the said Orrin H. Trook, for a valuable and valid consideration, assigned to said James T. Moore the said notes and contract, and endorsed them in writing, and the said plaintiff is now the owner of said notes." Prayer for judgment on the notes against both appellants, and that a vendor's lien be declared and enforced against the land.

Appellants answered in five paragraphs. The first paragraph is as follows: "Said defendants, for their answer to the plaintiff's complaint, say that the said plaintiff is not the real party in interest in this suit; that the notes and contract sued on in said complaint do not and never did belong to him, but they now belong, and ever since their execution they have belonged to the alleged payee of said notes, Orrin H. Trook, and the said assignment and transfer of said notes and contract to said plaintiff alleged in said complaint are wholly without consideration, and are solely to enable him to collect said notes for the use and benefit of him, the said Orrin H. Trook, who is the real owner thereof, as aforesaid." The materiality of the other paragraphs of answer depends on their theory respecting which there is controversy. The second paragraph is a plea of payment,

the third and fourth allege facts to the effect that appellee is not an innocent holder of the notes, and plead also a set-off. In view of the questions to be decided, neither the second, third nor fourth paragraph of answer is material. Trial by the court, finding and judgment against appellant James A. Baxter for $177.59, and against both appellants establishing and decreeing the foreclosure of a vendor's lien.

The questions presented and discussed arise under the motion for a new trial, and are that the decision of the court is not sustained by sufficient evidence, and that it is contrary to law. Specifically stated, appellants contend that appellee declared on the notes as the owner thereof; that the pleadings present the issue of such ownership, and that appellee failed to prove that he was such owner, and as a sort of secondary question, that appellee failed to prove the endorsement of the notes to him. The evidence is sufficient to establish that Trook pledged said notes to appellee as collateral to secure the payment of a loan of money made by the latter to the former. Whatever endorsements may have appeared on said notes were not introduced in evidence, but the fact of the endorsement of the notes by Trook to appellee was proved by parol, without objection. Appellants contend that such evidence is not sufficient to prove that the title to said notes is in appellee, or to establish the endorsement thereof as alleged, and that such matters are put in issue by the first paragraph of answer. Appellants take the position that appellee, in order that he might be entitled to recover, was bound to prove the title alleged, and it therefore becomes necessary for us to construe the complaint, in order that we may ascertain what title is alleged.

It is averred that appellant, James A. Baxter, executed the notes to Trook, who endorsed them to appellee and that they are unpaid. From such facts so averred, the

1. law concludes that the title to said notes and the legal ownership thereof is in appellee. *Elder* v. *Smith* (1861), 16 Ind. 466; *Swift* v. *Ellsworth* (1858), 10

Ind. 205, 71 Am. Dec. 316; *Moore* v. *Hubbard* (1896), 15 Ind. App. 84, 87, 42 N. E. 962; 1 Works' Practice §413. The allegation that appellee "is now the owner of said notes" is a mere averment of a legal conclusion, and neither adds to nor detracts from the complaint. It has no effect aside from the accompanying facts alleged which facts would be just as potent in the absence of an allegation of such conclusion. *Wells* v. *Sutton* (1882), 85 Ind. 70, 72; *Richardson* v. *Snyder* (1880), 72 Ind. 425, 37 Am. Rep. 168. The facts, however, as they appear in the complaint, justify such conclusion. Appellee then sues as one holding the legal title to the notes. Does the evidence show such a title?

As indicated, the evidence conclusively shows that appellee held the notes in pledge as collateral to secure the payment of a debt. We assume for the present that he 2. so held them by endorsement. As incident to such holding of the notes by appellee as collateral, the right to sue on them was exclusively in him, and he alone was authorized to receive payment. Had Baxter paid the amount due on them to Trook, with knowledge of the pledge, appellee would not have been bound thereby. Since there is no allegation that the notes were transferred before their maturity, appellee's remedy on them was neither broader nor narrower than Trook's would have been had he continued to hold the notes. If Trook would have been entitled to recover the full amount of the notes, the same right passed to appellee, with the transfer of the notes. If he recovered an excess over the debt due him, such excess would be held in trust for Trook. See generally Jones, Pledges (2d ed.) §§669, 672; 22 Am. and Eng. Ency. Law (2d ed.) 898; *Reynolds* v. *Louisville, etc., R. Co.* (1896), 143 Ind. 579, 40 N. E. 410; *Ransom* v. *Turley* (1875), 50 Ind. 273, 275; *Jones* v. *Hawkins* (1869), 17 Ind. 550; *Rowe* v. *Haines* (1860), 15 Ind. 445, 77 Am. Dec. 101. As endorsee of the notes, although pledged as collateral, appellee held the legal title to them. Jones, Pledges (2d ed.) §669; *Rowe* v.

*Haines, supra; Smith* v. *Felton* (1882), 85 Ind. 223, 226; *Nickless* v. *Pearson* (1891), 126 Ind. 477, 491, 26 N. E. 478; *Jones* v. *Hawkins, supra*. But, if it should be said that Trook, as such pledgor, still retained his interest in the notes, in that such possible excess belonged beneficially to him, and that therefore while appellee held the legal title to the notes, he was not in effect the owner thereof, then it may also be said that such conclusion resulting from such argument becomes material, if at all, only on the assumption that the allegation of ownership contained in the complaint is well pleaded. We have shown that such assumption cannot be entertained, but treating it as otherwise, then it does not follow by any means that the term "owner" is equivalent to the term "absolute owner". Thus it is said that the word "owner" is not a technical term. It is not confined to a person who has the absolute right in a chattel. It also applies to the person who has the possession and control of it. *Keith* v. *Maguire* (1898), 170 Mass. 210, 48 N. E. 1090. As used in a certain statute, "it includes the person in whom is the general property * * * , while it embraces also those who are in possession of them under a special title or by virtue of a lien." *Hartford* v. *Brady* (1874), 114 Mass. 466, 19 Am. Rep. 377. It has been applied to a person in possession of personal property, under a contract of hiring, since he has a special property in the thing hired. *Camp* v. *Rogers* (1877), 44 Conn. 291; *Hornbein* v. *Blanchard* (1893), 4 Colo. App. 92, 35 Pac. 187. It does not necessarily imply exclusive or absolute ownership. Century Dictionary. It is, therefore, apparent that the term "owner" is consistent with the sort of title held by the pledgee of collateral.

We have thus ascertained that the allegations of the complaint are broad enough to include a case where, as here, the instrument sued on is in fact held in pledge as 3. collateral to secure the payment of a debt. It seems to be the universal rule that such a pledgee, in order

that he may recover on the instrument so held, is not required to aver specifically that he holds such instrument as such collateral. 2 Randolph, Com. Paper §796; 16 Ency. Pl. and Pr. 640; 8 Cyc. 151; *Hilton* v. *Waring* (1858), 7 Wis. *492; *Blackstone Nat. Bank* v. *Lane* (1888), 80 Me. 165, 13 Atl. 683. We, therefore, conclude that aside from the question of endorsement, the evidence is sufficient to sustain the decision. However, as a consideration of such question requires an examination of the paragraph of answer, we incidentally, in connection with such examination further consider the matter we have been discussing. As has been said, the complaint alleges in substance that 4. Trook assigned the notes to appellee by endorsement. The question here is respecting the fact of such endorsement, rather than its genuineness. Under such circumstances, the general denial or its equivalent, if pleaded, presents the issue. *Wallace* v. *Reed* (1880), 70 Ind. 263; *Wyant* v. *Pottorf* (1871), 37 Ind. 512; *McIntosh* v. *Robinson* (1879), 68 Ind. 120.

The general denial is not pleaded. The first paragraph of answer neither denies nor avoids the allegation of the complaint that appellee took the notes by endorse- 5. ment, and therefore such endorsement is impliedly admitted. *Hereth* v. *Smith* (1870), 33 Ind. 514. Moreover, a like implication results also from the language of the answer, in that it contains the phrase "and the said assignment and transfer of said notes", etc. "Said assignment" of necessity refers to the assignment by endorsement alleged in the complaint. The question of endorsement is therefore excluded from the matters in issue, and such endorsement must be taken as an admitted fact. It is expressly held that an allegation of endorsement is admitted unless in some manner denied or avoided by the answer. *Solomon* v. *Brodie* (1897), 10 Colo. App. 353, 50 Pac. 1045. See, also, 3 Randolph, Com. Paper §1651; *Manegold* v. *Dulau* (1872), 30 Wis. 541; *Lux, etc., Stone Co.* v. *Donnel-*

*son* (1904), 162 Ind. 481, 492, 68 N. E. 1014.  It therefore follows that appellee was not required to prove the fact of such endorsement by introducing the endorsement in evidence or otherwise.  However, as has been said, ap-

6. pellee did prove by parol and without objection that Trook endorsed the notes to him.  Had such question been in issue, appellee would have been required to prove such fact by the best evidence, if held to strict proof.  The best evidence was the endorsement itself.  But it is held that in the absence of an objection, the proof of an endorsement by parol is sufficient to sustain a verdict or decision that such endorsement was made.  *Moore* v. *Hubbard, supra; Metropolitan Life Ins. Co.* v. *Lyons* (1912), 50 Ind. App. 534, 547, 98 N. E. 824.

Further considering the answer, it is alleged that appellee is not the real party in interest, and that the notes sued on do not and never did belong to him, but that they

7. belong to Trook.  In such an answer it is not enough to state in general terms that the plaintiff is not the real party in interest, but facts must be specifically pleaded showing who is the real party in interest.  *Curtis* v. *Gooding* (1884), 99 Ind. 45, 52.  A general allegation that the plaintiff is not the real party in interest, or that he is not the owner of the note is not an allegation of fact.  *Hereth* v. *Smith, supra.*  The same is true of a general allegation that the assignor is the real party in interest.  *Lung* v. *Sims* (1860), 14 Ind. 467.  Such general allegations then of themselves are of no effect.  The influential allegations of the answer are the specific ones which follow.  *Racer* v. *State* (1892), 131 Ind. 393, 401, 31 N. E. 81.  Such specific allegations are to the effect that the transfer of the notes was without consideration, and solely to enable appellee to collect the notes for the benefit of Trook.  There was practically no evidence to sustain such specific allegations, and much evidence to the contrary, to the effect that appellee took and held the notes as collateral security on consideration

aforesaid.   Since appellee held the notes as collateral securi-
ty, he was the real party in interest.   *Pelton* v. *Smith*
(1882), 84 Ind. 485.

No error being presented, the judgment is affirmed.

NOTE.—Reported in 105 N. E. 588.   As to the rights and remedies
of parties to collateral securities, see 32 Am. St. 711.   See, also,
under (1) 8 Cyc. 123; (2) 31 Cyc. 808, 866; (3) 31 Cyc. 888; (4) 8
Cyc. 199; (5) 8 Cyc. 203; (6) 38 Cyc. 1374; (7) 8 Cyc. 166.