TURPIN *v.* DYE ET AL.

[No. 15,574.  Filed November 23, 1937.]

*Charles V. Sears, Otis E. Gulley, Foley & Foley,* and *George W. Hadley,* for appellant.

*Howard L. Eads, Harney Semons,* and *Walter W. Spencer,* for appellees.

LAYMON, C. J.—Appellant instituted this action against appellees to recover upon a promissory note and foreclose a mortgage upon certain real estate. The complaint was in one paragraph, to which the appellees filed their answer in four paragraphs: (1) General denial; (2) payment; (3) estoppel; (4) that appellees became the owners and holders of the note in question in due course, for value, and without notice. A reply in general denial to the second, third, and fourth paragraphs of answer closed the issues. There was a trial by the court resulting in a finding and judgment for appellees. Appellant, in due time, filed her motion for a new trial which was overruled, and this appeal followed. The only error assigned is the ruling on the motion for a new trial. The grounds in said motion for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

It appears that on March 29, 1930, appellees executed and delivered to appellant their promissory note of that date in the principal sum of $4,000, payable to the order of appellant at the Danville State Bank, Danville, Ind., three years after date, and to secure the payment of said note appellees executed a mortgage upon certain real estate owned by them at the time. On September 22, 1930, and before maturity, appellant indorsed, delivered, and assigned said note to the Speedway State Bank as collateral security for a note in the principal

sum of $700 then held by the bank, payable to the bank, and upon which appellant was liable as maker. Upon maturity of the $700 note appellant was notified by the bank by a series of letters that said note was due, and payment was requested. After the note was almost a year past due the bank's attorney wrote a series of letters to appellant stating the note would be sold. One letter, dated August 28, 1931, reads as follows:

"This is to notify you that upon Thursday, September 10, 1931, at the Speedway State Bank, Speedway, Indiana, the cashier, of said bank will sell the note executed by Rector G. Dye and wife to Luella Turpin, calling for the principal sum of $4,000, due in three years after March 29, 1930, which note is held as collateral security for a $700 note executed by yourself on the 22nd day of September, 1930, to the Speedway State Bank. This note will be sold to the highest and best bidder to provide funds with which to pay a note held by the Speedway State Bank. If the note should sell for less than the amount of the indebtedness owing by you to the bank, your note will be credited with whatever sum is received; if it should sell for more than the indebtedness due the Speedway State Bank, such surplus will be paid to you.
"Of this proceeding you will take due notice and govern yourself accordingly."

Appellant did not appear at the bank on September 10, 1931, pursuant to the notice sent to her, and the note was not sold by the bank on this date, as additional time was given appellant. On the 19th of September, 1931, the note was indorsed, assigned, and delivered to the appellees by the bank upon the payment by them of the sum of $625.48. Appellant has never paid, nor has she offered to pay her original note of $700, payable to the bank, for which the note in question was given as collateral; neither has appellant redeemed or offered to redeem the note in question. Appellant made no objection to the transfer of the note in question by the bank

to appellees until she filed her complaint in this action, which was almost nineteen months thereafter. The bank applied the proceeds received from appellees upon appellant's original debt due the bank and stamped her note paid.

Appellant by this action is attempting to recover from the makers on a note which she indorsed and delivered to another, before maturity, as collateral security for an obligation owing by her, without first discharging her original debt to the pledgee or redeeming or attempting to redeem the pledged note. The uncontradicted evidence shows that the note upon which appellant seeks to recover was a negotiable instrument and was indorsed and delivered by her, before maturity, to the Speedway State Bank. As indorsee of the note, although pledged as collateral, the bank held the legal title to it. *Baxter* v. *Moore* (1914), 56 Ind. App. 472, 105 N. E. 588. The indorsee of commercial paper, who receives it as collateral security for a pre-existing debt, is a purchaser for value. *Straughan* v. *Fairchild* (1881), 80 Ind. 598; *Spencer* v. *Sloan* (1886), 108 Ind. 183, 9 N. E. 150.

The uniform negotiable instruments law of this state provides in part:

Section 19-301 Burns 1933, §12847 Baldwin's 1934: "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder completed by delivery."

Section 19-302 Burns 1933, §12848 Baldwin's 1934: "The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement."

Section 19-401 Burns 1933, §12868 Baldwin's 1934: "The holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument."

Under our statute, the indorsement and delivery of negotiable paper as collateral security, before maturity, passes the legal title to the holder, with power ■ to collect by suit or otherwise, subject to the rights of the indorser as to the application of the proceeds.

One taking negotiable paper before maturity as collateral security is, for all practical purposes, the owner of it, and a bona fide holder for value, and may collect it, at least to the extent of the debt for which it was pledged, without regard to the equities between the original parties, whether arising out of the original transaction or from subsequent dealings. *Brooklyn etc. R. Co.* v. *National Bank* (1880), 102 U. S. 14, 26 L. Ed. 61; Jones on Collateral Securities, 3rd Ed. §89.

Under the circumstances in the instant case the Speedway State Bank was a bona fide holder for value of the note sued upon, at the time of the indorsement ■ and delivery by appellant, although the note was pledged as collateral. By reason of the negotiability of the note, and the further fact of its indorsement and delivery by the payee before maturity to the bank for value, the bank could pass a good title, by delivery or indorsement, to a third person. *Rowe* v. *Haines* (1860), 15 Ind. 445; §§19-301, 19-302 Burns 1933, §§12847, 12848 Baldwin's 1934.

The fact that the appellees were the makers of the note did not, of itself, prevent them from purchasing their own note. Under such circumstances, without ■ out any showing of deceit, fraud, bad faith, or connivance, the transaction constituted a valid transfer of the note for value as between the bank and

the appellees. It is thus apparent that appellees, and not the appellant, were the owners and holders of the note for value at the time of the commencement of the action. There is no issue presented here as to liability, if any, on the part of the bank, growing out of such transaction.

Furthermore, almost nineteen months elapsed before appellant asserted that the bank's transfer of the collateral note to the appellees was unauthorized. And, in the prosecution of her action, appellant entirely ignores the fact that the note sued upon was indorsed and delivered to the bank as collateral security for a debt owing by her to the bank, without redeeming or offering to redeem the note by a payment and discharge of her original debt, but asserts that she is the owner and holder of the note. See *Felton* v. *Smith* (1882), 84 Ind. 485; *Smith* v. *Felton* (1882), 85 Ind. 223.

In view of the circumstances as here presented we think the court was warranted in finding for the appellees. There was no error in overruling the motion for a new trial. Judgment affirmed.