TORMOHLEN *v.* BISNO ET AL.

[No. 16,148.   Filed November 28, 1939.]

*Robert L. Smith, Sidney E. McClellan, Frank Jaqua,* and *E. H. Graves,* for appellant.

*Roscoe D. Wheat,* for appellees.

BRIDWELL, J.—In June, 1935, appellee Al Bisno brought an action in the Jay Circuit Court against appellee Herbert V. Tormohlen, appellant, Maude S. Tormohlen, and appellee Jesse L. Peters, Receiver of the Jay County Savings and Trust Company, to recover judgment on a promissory note of $3000.00, alleged to have been executed by the said Tormohlens to the Peoples Bank, and for the foreclosure of a real estate mortgage given to secure the payment of said note. The complaint alleged, among other things, that the Peoples Bank "signed (assigned) said note and the mortgage securing the same, without recourse, to this plaintiff" (Bisno) and that he is the sole owner

of said note and mortgage, which note is past due and unpaid. Peters, Receiver, was made a party defendant because of a judgment lien in his favor, which the complaint alleges was junior and inferior to the lien of the mortgage sought to be foreclosed.

In September, 1935, said appellee Bisno instituted another action in the Jay Circuit Court against appellee Herbert V. Tormohlen and appellant, Maude S. Tormohlen, to recover judgment on six promissory notes purportedly executed by them to Alfred A. Kist, and for the foreclosure of a real estate mortgage given to secure the payment of said notes. This complaint, among other things, alleges the assignment of said mortgage by Alfred A. Kist to plaintiff Bisno and further "that each of said notes was endorsed by A. A. Kist for a valuable consideration, . . . in the following words, to wit: 'Without recourse, A. A. Kist'." It is also alleged "that each of said notes were endorsed for value received by Roscoe D. Wheat in the following words: 'For value received, I hereby assign this note to Al Bisno, without recourse, Roscoe D. Wheat'."

While these actions were pending in the Jay Circuit Court, a motion to consolidate was duly filed, but before action thereon both cases were venued to the Blackford Circuit Court and thereafter to the Grant Superior Court, where the motion to consolidate was sustained. During the pendency of the causes in the Blackford Circuit Court appellant filed in each case her answer, and, in addition thereto a cross-complaint against appellees Bisno and Tormohlen. In one of the causes her answer consisted of five paragraphs; in the other seven paragraphs. The first paragraph of answer to each complaint was a general denial subscribed and sworn to by said Maude S. Tormohlen.

No question is raised as to the sufficiency of any pleading, and we, therefore, refrain from setting them forth, or stating their substance, further than has already been done, as such action is not necessary in determining the questions presented by this appeal.

After the issues were closed the cause was submitted to the court for trial, and upon proper request therefor, the court made and filed its special finding of facts and stated conclusions of law thereon. The decision was in favor of appellee Bisno for the sum of $7,456.97 and foreclosure of the mortgages; judgment in accordance with the conclusions of law was rendered. Appellant duly reserved an exception to each of the conclusions of law, and thereafter, in due course, filed motion for a new trial which the court overruled, granting her an exception. This appeal was perfected and among the errors assigned and relied upon for reversal is claimed error in overruling the motion for a new trial.

The motion for a new trial alleges as causes therefor, among others, that the decision of the court is not sustained by sufficient evidence; that the decision is contrary to law, and error in the admission and rejection of evidence.

Appellant contends, in effect, that under her verified answers of general denial it was required of plaintiff that he offer proof, not only of the execution of the notes by the makers thereof, but proof of the indorsements by the payee of each of said notes as well, and this not having been done, it was error to admit the notes in evidence, and there being no evidence to prove that the indorsement appearing on the back of the several notes was the genuine indorsement in each instance of the payee of said note, that the decision is not sustained by sufficient evidence, and is contrary to law.

Each of the complaints herein contain allegations showing that the plaintiff (appellee Bisno) asserts ownership of the several notes sued upon by assignment or indorsement of said notes. It would seem, as against a verified answer of general denial, that it would be necessary for a plaintiff to prove his title to the note, or notes involved, by proving the genuineness of any such assignment or indorsement by the original payee, and subsequent indorsers, if any.

It is provided by statute (§2-1033 Burns 1933, §137, Baldwin's 1934), that "where a pleading is founded on a written instrument, or such instrument is therein referred to, or when an assignment in writing, of such instrument is specially alleged in a pleading, such instrument or assignment may be read in evidence on the trial of the cause without proving its execution, *unless its execution be denied by pleading under oath,* or by an affidavit filed with the pleading denying the execution. And when a written instrument or assignment is so pleaded or referred to, proof of the names of the makers, assignors, obligors, assignees, payees or obligees shall not be necessary unless the same shall be denied by a pleading under oath, or by an affidavit filed as aforesaid. . . . . ." (Our italics.) The clear import of this statute is to require proof of the signing, assigning, or indorsement of a written instrument upon which suit is brought where the allegations of the pleading are denied under oath.

For cases discussing the legal effect of a verified answer of general denial, and the necessity of proving the endorsement by a payee of a note where such payee is not the party plaintiff, see *Evans* v. *The Southern Turnpike Co.* (1862), 18 Ind. 101; *Hunter, Admr.* v. *Probst* (1874), 47 Ind. 359; *Shonkwiler* v. *Dunavin* (1891), 1 Ind. App. 505, 27 N. E. 991; *Pitts-*

*burgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 143, 107 N. E. 486.

Upon reading the evidence from the transcript thereof, we find evidence to prove the execution of the several notes here involved by the makers of such notes, but no evidence to prove that Alfred A. Kist, the original payee of six of said notes, or the Peoples Bank, original payee named in the other note, ever did, in fact, assign or indorse the respective notes payable to them; there was no attempt to prove *this* other than by reading the endorsements appearing on the back of the respective notes. Under the issues submitted for trial we are of the opinion that such proof was necessary to a recovery by the plaintiff, and it not having been made, there being no competent evidence to prove title to the notes sued upon in appellee Bisno, we conclude that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Other claimed errors relating to the admission and rejection of evidence are discussed in the briefs. Some of the contentions seem tenable, but the rulings of the court, if erroneous, are of such character that similar rulings are not likely to occur upon any retrial of the cause. We therefore deem it unnecessary to determine if such rulings were, in fact, erroneous.

Judgment reversed with instructions to sustain appellant's motion for a new trial.